[No. 11352.   Department Two.   May 12, 1914.]

ANDREW ANDERSON, *Respondent*, v. SEATTLE PARK
COMPANY, *Appellant*.[1]

EVIDENCE — EXPERTS — OPINIONS.   The statement of a witness,
testifying as an expert, that smooth concrete steps when wet would
constitute a dangerous footing, is incompetent as an expression of
opinion.

NEGLIGENCE—DANGEROUS PREMISES—EVIDENCE—SUFFICIENCY.   The
evidence is insufficient to show negligence in the maintenance of
smooth concrete steps leading to a swimming tank, from the fact
that plaintiff stepped thereon and attributed the accident to the slimy
or slippery condition of the steps, where the uncontroverted evi-
dence established that thousands of people went up and down the
steps without falling, that the steps were of usual construction, and
were scrubbed and washed with fresh water three times a week,
and other witnesses using the steps observed no slippery or dan-
gerous condition.

Appeal from a judgment of the superior court for King
county, Tallman, J., entered March 20, 1913, upon the
verdict of a jury rendered in favor of the plaintiff, in an
action for personal injuries sustained in a fall upon steps.
Reversed.

*Ira Bronson* and *J. S. Robinson*, for appellant.

*Edwin C. Ewing*, for respondent.

CROW, C. J.—Action by Andrew Anderson against Seattle
Park Company, a corporation, to recover damages for per-
sonal injuries.   From a judgment in his favor, defendant
appeals.

On July 16, 1911, the respondent paid his entrance fee
for the use of a natatorium owned and operated by appellant,
and shortly thereafter attempted to enter a large swimming
tank by means of a flight of five concrete steps leading from
the main floor of the natatorium.   The steps were about
fifteen or sixteen inches in width, with eight-inch risers.   The

[1]Reported in 140 Pac. 698.

concrete finish on each tread was smooth, and there was an iron handrail running down the side of the steps. The water in the tank was maintained at a level with the top of the third step, but when the tank was, used by bathers, all the steps were wet. Respondent started down these steps without taking hold of the handrail, as bathers were in his way. He slipped upon the second step, and in falling sustained the injuries of which he now complains.

The only assignment which we need consider is that the trial judge erred in denying appellant's motion for judgment notwithstanding the verdict. Respondent testified that the cause of his falling was the slimy or slippery condition of the steps. He further testified that he had been in the tank several times, and had used the steps on at least two previous occasions. One of his witnesses testified as an expert that a smooth concrete surface when wet would constitute a dangerous footing. This testimony, being an expression of his opinion on the issue of fact to be tried, was not competent. He further testified that several appliances which he mentioned might be used to overcome this danger, but upon cross-examination admitted that he knew of no natatorium using any such appliances. This, in substance, is a statement of all the evidence offered by respondent to show negligence upon the part of appellant.

Appellant introduced uncontradicted evidence to the effect that, during the summer months, the entire tank was emptied, washed with fresh water, and scrubbed three times a week, and that there was a constant circulation of water at all times when the tank was in use. A swimming instructor, who had been employed at the natatorium for several years, testified that he had seen thousands of people go up and down the steps upon which respondent was injured, but that he had never seen any one of them slip or fall. Undisputed evidence was introduced to show that the steps were constructed in accordance with the universal custom of similar natatoriums, and that cement steps similar to the ones in

question were considered the safest. Relative to the alleged slimy or slippery condition of the steps, appellant introduced numerous witnesses who had used them during the month of July in the year 1911, and also upon other occasions. All of these witnesses testified that they had not then, nor at any other time, observed a slimy or dangerous condition of the steps or tank. One of them had used the steps the evening previous to the accident, and another one the evening after the accident.

It is apparent from the entire record that respondent's fall was an accident, pure and simple. Appellant was required to keep the steps and tank in a reasonably safe condition, which the undisputed evidence shows was done. In the recent case of *Belles v. Tacoma, ante* p. 200, 140 Pac. 324, the plaintiff claimed damages for injuries sustained in falling on a defective board in the floor of a public building. In holding that she could not recover, we said:

"If it had been shown that other persons had slipped thereon so as to lose their balance or fall, and this fact had been brought home to the officers of the city, a different question might have been presented. But the fall of a single person proves nothing. Persons have been known to slip and fall on the best constructed walks."

Respondent has failed to show any negligence on the part of the appellant. *Chilberg v. Standard Furniture Co.,* 63 Wash. 414, 115 Pac. 837, 34 L. R. A. (N. S.) 1079.

The judgment is reversed, and the cause remanded with instructions to dismiss.

Mount, Parker, and Morris, JJ., concur.