### CRYSTAL PALACE CO., Inc., v. LENOX.
#### (No. 3458.)

Court of Civil Appeals of Texas. Texarkana. Dec. 15, 1927.

Rehearing Denied Dec. 22, 1927.

Negligence $\Longleftarrow$ 136(22)—**Evidence of negligence as to woman falling on wet, sloping floor of swimming pool held insufficient for jury.**

Evidence of negligence of company maintaining swimming pool *held* insufficient to make issue for jury, in action for injuries to 66 year old woman slipping and falling on wet, sloping floor, which ran from defendant's pool to the street.

Appeal from District Court, Galveston County; C. G. Dibrell, Judge.

Suit by Mrs. Mary E. Lenox against the Crystal Palace Company, Inc. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

August 9, 1926, appellee, Mary E. Lenox, a widow about 66 years of age, slipped and fell on the floor of premises used in connection with the public swimming pool in Galveston owned and operated by the appellant, Crystal Palace Company, and as a result of the fall suffered serious injury to her person. This suit for damages brought by said appellee against appellant was on the theory the latter was guilty of negligence which was the proximate cause of the injury she suffered. In her petition appellee alleged that she purchased a ticket of appellant entitling her to use the swimming pool, and that after swimming therein she "started out (quoting) of the defendant's bathhouse," but before getting out of same "slipped and fell and struck the floor" of same "with great force and violence." She then alleged that she "was caused to slip and fall because of the dangerous and unsafe condition of the floor of defendant's building for the reason that said floor was wet, slippery, and unsafe, and that the defendant knew, or by the use of ordinary care should have known, that said floor, because of its wet and slippery condition, was dangerous and unsafe to its patrons, and failed and neglected to remedy the same, but negligently permitted said floor to be and remain in said wet and slippery condition, and that because thereof the defendant was negligent, and that said negligence was the approximate cause of plaintiff's injuries and damages."

In its answer appellant denied it was guilty of negligence as charged against it, alleged that the injury to appellee was the result of an unvoidable accident the risk of which she assumed, and charged that appellee was guilty of contributory negligence in going into its pool at her age and in her physical condition and walking on the wet floor without assistance.

It appeared from testimony heard at the trial that appellee had been swimming in the pool, and when she fell was walking along a way 16 feet wide and 24 feet long provided by appellant for use by its patrons in going from the pool to the street. The floor of the way sloped slightly toward the street, and at the place where appellee fell was constructed of alternating strips of concrete and tiling, each about six inches wide. The concrete strips were of "porous cement," of "an oval shape," and were "just a trifle higher" than the tiling. There was testimony that the floor was constructed as stated after inquiry to ascertain the best way to construct such floors, and there was no testimony showing

---

that there was a better way in which it could have been constructed. There was testimony that the floor as constructed was not slippery; and there was testimony to the contrary. It had been in use seven years. Several hundred people resorted to the pool every day, and many of the number passed over the floor while wearing wet shoes and wet bathing suits, thereby causing it to be wet the greater part of the time. Appellee, testifying as a witness, said she had been in swimming in the pool on each of the five or six days immediately preceding the day of the accident; that the floor in question was always wet and slippery; and that she slipped thereon on one of the five or six days, but caught herself and did not fall. There was no testimony that any other person than appellee ever slipped on the floor.

On special issues submitted to them the jury found that the injury to appellee was not the result of an unavoidable accident, but was proximately caused by negligence of appellant, in that it permitted the floor where she fell to be slippery. The jury found, further, that appellee knew before she fell that the floor at the place where she fell was wet and slippery, but found, further, that she was not guilty of contributory negligence in attempting to walk upon it as she did. And they found, further, that appellee was damaged in the sum of $6,500. The appeal by the Crystal Palace Company is from a judgment against it in appellee's favor for the amount found by the jury.

Hunt, Teagle & Moseley, of Houston, for appellant.

Roy Johnson, of Galveston, for appellee.

WILLSON, C. J. (after stating the facts as above). We think the court erred when he refused appellant's request that he instruct the jury to return a verdict in its favor. As we view the testimony, it did not warrant a finding that appellant had failed to discharge the duty it owed appellee to exercise ordinary care to have the floor in question in a safe condition for the use it invited her to make of it. There was testimony that the floor was wet, but it was from water from wet shoes and wet bathing suits and robes worn by appellant's patrons walking upon it, as appellee was at the time she fell. How that could have been avoided was not suggested in the testimony. There was testimony that the floor where appellee fell sloped slightly toward the street, but that it was necessary that it should do so to keep water from bathers' clothing from accumulating thereon. No other way to drain off such water was suggested in the testimony. As we understand it, the testimony failed to show that appellant neglected to do anything it reasonably could have done to make the floor safer than it was, and there was therefore no basis for a finding that it had been guilty of negligence rendering it liable to appellee in damages for the injury she suffered. We think it is apparent, as the Supreme Court of Washington said in a somewhat similar case (Anderson v. Seattle Park Co., 79 Wash. 575, 140 P. 698), that appellee's falling as she did "was an accident pure and simple." Therefore the judgment will be reversed, and judgment will be here rendered that appellee take nothing by her suit against appellant.