358 P.2d 329

**RICHARDS DEVELOPMENT COMPANY, a corporation, Appellant,**

v.

**Mildred J. SLIGH, d.b.a. Sligh Realty Company, Appellee.**

**No. 6710.**

Supreme Court of Arizona.

Jan. 12, 1961.

C. Wayne Clampitt, Tucson, for appellant.

Hall, Catlin & Jones by Russell E. Jones, Tucson, for appellee.

UDALL, Justice.

This is an appeal from a judgment in favor of a licensed real estate broker for fees earned by procuring a buyer ready, willing and able to purchase the listed property according to the terms of the listing agreement. Appellant contends that the trial court improperly applied the parol evidence rule to the listing agreement. Appellant alleges that his proffered parol evidence shows the "true" meaning of the agreement and that the prospective buyer was not willing to comply with the terms as appellant understands them. The trial court, sitting without a jury, listened to the proffered evidence but determined to disregard it in making his final decision.

According to the written instrument the buyer must be willing, among other things not here pertinent, to (1) assume an "existing first mortgage"; (2) execute a "second mortgage"; and (3) execute a further "note and mortgage". The amounts to be covered by the mortgages are recited. The agreement also recites that the commission to be paid shall include a fixed commission plus one-half the profits "above my equity as notes and mortgages." Reference is also made to a "chattel mortgage" executed approximately two years earlier. Appellant urges upon us that the third reference to "mortgage" is ambiguous permitting him to introduce parol evidence to show that it means chattel rather than real estate mortgage.

The parol evidence rule, which we have applied to broker employment contracts, excludes the use of parol evidence to add to, subtract from, vary or contradict the terms of a complete and unambiguous written contract. See Diamond v. Chiate, 81 Ariz. 86, 300 P.2d 583, expressly overruling Sligh v. Watson, 69 Ariz. 373, 214 P.2d 123; 32 C.J.S. Evidence § 906, p. 826. It is a substantive rule of law rather than an evidentiary rule. Carrillo v. Taylor, 81 Ariz. 14, 299 P.2d 188. Ambiguity of course would permit an exception to the rule.

When a word such as "mortgages" is used in a written instrument, there are two possible sources of ambiguity. The first is as to the meaning of the word itself. In this case there is no dispute on this point.

The second relates to the subject matter upon which it is to operate. As to this matter the parties are in dispute.

Even where apparent ambiguity may appear, however, parol evidence is not admissible to aid in the interpretation of the parties' intentions until the four corners of the writing itself have been searched to determine whether the document itself affords a reasonably clear understanding of what the parties have agreed to do. Or in other words "a contract is ambiguous when its meaning cannot be ascertained within its four corners, and if a written contract is so worded that it can be given a certain or definite legal meaning or interpretation it is not ambiguous." 32 C.J.S. Evidence § 959, pp. 895, 896. Thus in this case where the word "mortgage" without more would appear to be ambiguous as to its operative subject matter an examination of the total instrument shows that the meaning of the bargain is not ambiguous and the meaning of this isolated part is also clear when read in light of the whole.

Paragraphs three, four and five of the written agreement appear as follows:

"The sum of $12,834.19 being the balance of the existing first mortgage, which said Buyers will assume and fully discharge according to the terms thereof;

"The sum of $7,622.40 by said Buyers executing a second mortgage payable in monthly installments of not less than $59.00 per month, including interest at the rate of 6½% per annum; [here follows certain matters concerning manner of payment];

"The sum of $4,043.31 approximately, being the balance of the purchase price of $24,500.00 by execution of a note and mortgage, payable in monthly installments of not less than $50.00 per month, including interest at the rate of 6½% per annum, with the following provisions:"

It is the reference to mortgage in the third quoted paragraph which appellant claims is a chattel mortgage. Appellant insists that the agreement requires the buyer to be procured by the appellee to execute a chattel mortgage on *all* the furnishings the buyer would *bring* into the property. Yet nowhere in the entire instrument is there any reference to any chattels owned by the prospective buyers. Appellant's contention suggests that the agreement contemplated a mortgage on chattels which may never come into being and not even prospectively mentioned. There certainly was no requirement that the prospective buyer have or bring to the property any chattels.

The only chattels discussed at any place in the instrument are listed as items which appellant is to purchase from existing occu-

pants for $450 and to be included in the sale of the home. Even these are not mentioned until the matter of the mortgages is completely set out. To suggest that a mortgage discussed in the context of realty mortgages is in fact a chattel mortgage on chattels nowhere mentioned or even alluded to in the instrument demonstrates the wisdom of the parol evidence rule to prevent hindsight *from governing the interpretation of written contracts.*

There is one reference in the instrument to a chattel mortgage executed by the existing occupants some two years earlier. That reference however relates to an agreement with the present occupants that appellant will release them from it and in no way relates to the discussion of mortgages to be executed by the prospective purchaser.

█ The lower court clearly acted within the purview of the law in disregarding the parol evidence. His ruling that the phrase "note and mortgage" in the fifth paragraph of the agreement required a note secured by a third realty mortgage on the premises was correct. Having produced a buyer ready, willing and able to comply with these terms the broker has complied with the terms of the brokerage contract and was entitled to the judgment entered below. The judgment is therefore affirmed.

STRUCKMEYER, C. J., and BERNSTEIN, JENNINGS and LOCKWOOD, JJ., concur.