463 P.2d 554

John H. DAVIES, a single man, Appellant,

v.

Karl COURTNEY and Viola J. Courtney, husband and wife, Appellees.

No. 2 CA–CIV 737.

Court of Appeals of Arizona.

Division 2.

Jan. 13, 1970.

Rehearing Denied Feb. 3, 1970.

Review Denied March 3, 1970.

Gentry, McNulty, Toci & Borowiec, by Matthew W. Borowiec, Bisbee, for appellant.

Riley & Slaughter, by Richard J. Riley, Bisbee, for appellees.

HOWARD, Chief Judge.

The parties to this controversy are honorable and trustworthy. The evidence indicates that they were friends for a long time. Their method of borrowing and repaying monies, was, to say the least, inexact. The appellees are husband and wife and the appellant an itinerant barber who lived with them on various occasions.

The appellees borrowed monies at different times from the appellant, various notes were signed to evidence the loans, and numerous repayments were made. Repayments were made by depositing the monies to the bank account of the appellant. The first note was made in August of 1958 and there were five notes in all. The last note dated October 17, 1960 is the subject of this action.

The appellees continued to make payments to the account of the appellant until they received an answer to their request, a letter dated September 13, 1969 from the bank listing the deposits that they had made to the appellant's bank account. Based upon this letter and their "own sketchy records" they arrived at an overpayment figure of $1,382.43. Mrs. Courtney then sent a letter to appellant on January 2, 1964 by registered mail, claiming overpayment and requesting a satisfaction of the mortgage. A return receipt signed by John H. Davies and dated January 4, 1964 was received by Mrs. Courtney. Both the letter and the signed return receipt were admitted into evidence at the trial. No denial or even a reply was received and over three years later an action was

instituted for the overpayment and for satisfaction of the mortgage.

The appellant, by his daughter as attorney-in-fact, appeared and counterclaimed for $1,300.00 as the balance owing on the last note and requested that the mortgage be foreclosed. The whereabouts of appellant, John H. Davies, has been unknown for many years. He did not testify nor did he even appear at the trial. The trial court heard extensive testimony of the parties and of their witnesses and found that the appellees had overpaid in the sum of $63.00. During the trial, the appellant's objection to the introduction of parol evidence with regard to the last promissory note was overruled. The appellant claims that this is reversible error.

That portion of the promissory note in dispute is as follows:

"THIS NOTE IS AN AMALGAMATION AND INCORPORATES ALL PREVIOUS AMOUNTS DUE from promissors to promisee, to wit—former note of $1,600.00 is incorporated herein, plus an additional $600.00 being advanced this date."[1]

■ Appellant claims that by virtue of the Parol Evidence Rule, only payments shown to have been made by appellees to appellant after the date of the note and mortgage should have been considered by the court. We agree with the appellant that exceptions to the Parol Evidence Rule arise where there has been fraud, mistake, or where the instrument is ambiguous as to its terms or shows on its face that the consideration recited is not the real one.

The appellees argue that appellant's attorney-in-fact attempted to shield herself from any testimony concerning prior payments of the $2,200.00 obligation by raising the Parol Evidence Rule. They contend that that part of the note which states "* * * ALL PREVIOUS *AMOUNTS* DUE from promissors to promisee, to wit —*former note* of $1,600.00 * * *" is

ambiguous. (Emphasis added by appellees.) They further claim that the $1,600.00 refers to the *face value* of the previous four notes. The appellant claims that the $1,600.00 refers to the *previous amounts* due.

■ We have examined the four corners of the note and we are unable to determine the intent of the parties. Therefore, the admission of parol evidence was necessary. Arizona Land Title & Trust Co. v. Safeway Stores, Inc., 6 Ariz.App. 52, 429 P.2d 686 (1967); Richards Development Co. v. Sligh, 89 Ariz. 100, 358 P.2d 329 (1961).

The promissory note is ambiguous on its face and the trial court was correct in allowing the parol evidence to explain the true facts and circumstances surrounding the transaction and to show the intent of the parties. Rental Development Corporation of America v. Rubenstein Construction Co., 96 Ariz. 133, 393 P.2d 144 (1964).

Our holding in Aztec Film Productions v. Tucson Gas & Electric Co., 11 Ariz.App. 241, 463 P.2d 547 (filed December 18, 1969) is in point, namely:

"Our decision is further buttressed by the well-recognized exception to the parol evidence rule that if the terms and provisions of a contract are ambiguous, or if the writing is capable of more than one construction, parol evidence is admissible to explain and ascertain what the parties intended."

The appellant cites Boyle v. Webb, 54 Ariz. 188, 94 P.2d 642, 645 (1939) at 195:

"* * * promise to pay a *definite* sum * * * may not be varied or contradicted by parol evidence."

(Emphasis added.)

This is true, however, in our case the sum was not *definite*. The other cases cited by appellant refer to writings that are "free from ambiguity and uncertainty." That is the law governing parol evidence and our present case is an exception.

---

1. The testimony established that there really never was a "note of $1,600.00" but a series of notes of lesser amounts totaling $1,600.00.

The other question raised, namely, did the trial court correctly compute the amount of monies paid by appellees to appellant, we also answer in the affirmative.

■ The judgment of the superior court is presumed correct if there is reasonable evidence in the record to sustain it and the reviewing court will not substitute its discretion for that exercised by the trial court. Tucson Warehouse & Transfer Co. v. Arizona Corporation Commission, 2 Ariz.App. 565, 410 P.2d 683 (1966).

Judgment affirmed

KRUCKER and HATHAWAY, JJ., concur.