511 P.2d 673

**Jim M. LANCASTER, Appellant,**

v.

**CHEMI–COTE PERLITE CORPORATION;**
and Harborlite Corporation,
Appellees.

1 CA–CIV. 1844.

Court of Appeals of Arizona,
Division 1,
Department A.

June 28, 1973.

Rehearing Denied Aug. 21, 1973.

Review Denied Oct. 9, 1973.

Rawlins, Ellis, Burrus & Kiewit by Chester J. Peterson, Phoenix, for appellant.

Wolfe & Harris, P. A. by Sidney B. Wolfe, Phoenix, for appellees.

OGG, Judge.

This is an appeal from a judgment of the Superior Court of Maricopa County, establishing the right of possession of a crusher plant in favor of Harborlite Corporation and against Jim M. Lancaster.

In order to simplify the facts, Jim Lancaster will be referred to as Lancaster, Harborlite Corporation as Harborlite, Chemi-Cote Perlite Corporation as Chemi-Cote, Superior Industries, Inc. as Superior and Magma Arizona Railway Company as Magma.

The facts viewed in a light most favorable to upholding the judgment of the trial court are as follows:

Prior to October 1, 1954 Chemi-Cote, defendant in the trial court, was holder and owner of certain property in Pinal County, Arizona. The property consisted of two unpatented mining claims and a crushing and processing plant, together with certain machinery, equipment and improvements located on a third unpatented mining claim belonging to Magma. Chemi-Cote leased the three pieces of property to Superior on October 1, 1954. The Corporations acted through the same president and secretary and the initial lease agreement was amended on several occasions thereafter.

Harborlite entered the picture in April, 1959 and on April 30 entered into a written agreement with Superior in order to acquire Superior's rights as a lessee to the property. Under the agreement, Harborlite became a sub-lessee of Chemi-Cote and obtained all of Superior's right, title and interest in the original lease. On the same day Superior additionally signed a sub-lease of the two mining claims and crusher plant. On May 2, 1959 the sub-lease was replaced by an assignment by Superior to Harborlite of the October 1, 1954 lease and its amendments. Chemi-Cote accepted the assignment and Harborlite proceeded to record the lease and amendments.

Chemi-Cote had obtained its lease on the crusher plant property from Magma. Magma did not want the sub-lease executed to Harborlite and with the full approval of all the parties the existing lease with Chemi-Cote was terminated and a new lease with Harborlite was executed.

Since April, 1959 Harborlite has been in possession of the mining claims and crusher plant. There has been extensive litigation among Harborlite, Superior and Chemi-Cote since the 1959 agreements.

Chemi-Cote made a promissory note for $40,000.00 which was later assigned to Lancaster (plaintiff in the instant action). On October 11, 1968 Lancaster filed a complaint seeking judgment on the $40,000.00 note and requesting that the chattel mortgage on the crusher plant equipment securing said note be foreclosed. Chemi-Cote was defaulted and Lancaster subsequently purchased the crusher plant equipment at the sheriff's sale. Lancaster, at the same time, presented the certificate of sale to Harborlite and demanded possession of the crusher plant; Harborlite refused and Lancaster obtained a writ of assistance on December 11, 1968 and the sheriff served the writ on Harborlite.

Harborlite filed a motion to intervene and to set aside the sale and to retain possession of the property. On December 30, 1968, after a hearing, the trial court found that Harborlite had the right to possession of the crusher plant and would maintain that right so long as it complied with the lease agreement, pending the trial of the case on the merits. Both Lancaster and Harborlite filed motions for summary judgment which were denied.

The case proceeded to trial and a jury found for Harborlite. This appeal followed. The crux of appellant Lancaster's argument is that Harborlite refused to recognize Lancaster as successor in interest to Chemi-Cote by virtue of the execution sale and failed to comply with the terms of the written lease to which Harborlite is a party.

The appellant presents numerous questions for review which we will deal with in the order presented:

## SUMMARY JUDGMENT

■ The appellant argues that it was error for the trial court to deny its motion for summary judgment. In essence, appellant claims that there were no justiciable issues of fact and that he, as a matter of law, was entitled to judgment. We disagree. It is a basic maxim of Arizona law that the denial of a motion for summary judgment is not an appealable order. Navajo Freight Lines, Inc. v. Liberty Mutual Insurance Co., 12 Ariz.App. 424, 471 P.2d 309 (1970); Fernandez v. Garza, 93 Ariz. 318, 380 P.2d 778 (1963).

In Navajo Freight Lines, supra, this Court held that such an order—denial of a motion for summary judgment—may not be reviewed as part of an appeal from the final judgment later entered in the same matter. This Court stated:

"While an order denying a motion for summary judgment is undoubtedly an 'intermediate order', we do not believe that such order ' * * * [involves] the merits of the action and necessarily [affects] the judgment * * *.' As stated in Switzerland Cheese Association, Inc. v. E. Horne's Market, Inc., supra, 385 U.S. 23, 87 S.Ct. 193, 17 L.Ed.2d 23, an order denying a motion for summary judgment is strictly a pretrial order that decides only one thing—that the case should go to trial."

12 Ariz.App. at 428, 471 P.2d at 313

Although the appellant accepts the rule as set out in Navajo Freight Lines, supra, he argues that the summary judgment ruling was based solely on a point of law and that this is a reviewable question. He cites the following wording in Navajo, to-wit:

"If it were abundantly clear from the trial court's order denying the motion for summary judgment that the denial was made strictly on a point of law, and that because of such ruling the losing party thereafter was precluded from offering evidence or urging the point at the time of the trial on the merits, then there might be some logic in appellants' position."

12 Ariz.App. at 428, 471 P.2d at 313

■ Appellant supports his contention by indicating that appellees also made a motion for summary judgment, stating that there were no questions of fact. The fault

with appellant's argument is that appellees' facts were not the same as appellant's, there being several large areas of disagreement. The parties did not agree as to whether appellees had complied with the trial court's order of December, 1968 and this argument is vital to both parties. Neither party was precluded at the trial from raising the issues which were most strenuously argued at the hearing on the motions for summary judgment.

## FAILURE TO GRANT A DIRECTED VERDICT

Appellant argues that the trial court improperly denied the motion for a directed verdict because no issues existed which were within the province of a jury to decide. We are of the opinion that the record before us does not sustain appellant's position. A directed verdict is properly granted where there is no conflict as to any of the facts. Directed verdicts are restricted to those certain cases where reasonable minds cannot differ as to the conclusions which must be drawn. Arizona Public Service Company v. Brittain, 107 Ariz. 278, 486 P.2d 176 (1971); Campbell v. Brinson, 89 Ariz. 197, 360 P.2d 211 (1961); Sturm v. Heim, 95 Ariz. 300, 389 P.2d 702 (1964).

In determining whether to grant a motion for a directed verdict, the trial court was obligated to view the evidence in a light most favorable to the appellees. Davis v. Weber, 93 Ariz. 312, 380 P.2d 608 (1963). If after viewing the evidence in this light the trial court found facts and conclusions to be in issue, then it correctly denied appellant's motion. The facts presented to this Court support that determination.

Although appellant states there was only one witness and the introduction of other evidence was stipulated to, that does not preclude a finding that reasonable men could differ as to the conclusions drawn from the testimony and documentary evidence.

In the case at bar the jury had to determine whether appellees were in compliance with the trial court's order of December, 1968; whether appellees were required to pay rent or royalties under the lease agreement; whether appellees fulfilled insurance requirements under the lease and whether Lancaster was obligated to give notice of termination of the lease. A reading of the record indicates that different conclusions could have been drawn from the evidence presented.

A statement which succinctly states support for the trial court's refusal to grant a directed verdict is set out in Sleizer v. Arizona Title Insurance and Trust Co., 9 Ariz.App. 361, 363, 452 P.2d 526, 528 (1969):

"If there are critical factual issues as to what the verbiage of the contract is or what the circumstances giving rise to the contract were, these factual issues should be submitted to the jury."

If nothing more, the instant case presents a conflict as to what the verbiage of the lease agreement was. The trial court properly denied the Lancaster motion for a directed verdict.

## SUFFICIENCY OF THE EVIDENCE

It is well settled that a judgment of the trial court is presumed to be correct if there is any reasonable evidence in the record to sustain it and the reviewing court will not substitute its discretion for that exercised by the trial court. Employers Liability Assurance Corp. Ltd. v. Glen Falls Insurance Company, 12 Ariz.App. 362, 470 P.2d 682 (1970); Davies v. Courtney, 11 Ariz.App. 248, 463 P.2d 554 (1970); Tucson Warehouse and Transfer Co. v. Arizona Corporation Commission, 2 Ariz. App. 565, 410 P.2d 683 (1966).

In the case at bar, appellant claims that no evidence was introduced to show that the appellees complied with the trial court order of December 30, 1968. Our finding, after reviewing the record, is to the contrary. Based on the evidence introduced, including the amendment to the original lease, the jury could have found that the payment of rent was not a requirement to be followed by appellees in

order to comply with the trial court's order. In addition, there was sufficient evidence introduced so that the jury could indeed find that the trial court order was not violated.

As stated in State ex rel Herman v. Southern Pacific Co., 8 Ariz.App. 238, 242, 445 P.2d 186, 190 (1968):

"The appellate court will not weigh the evidence to determine its preponderance upon a disputed fact. Its only concern is whether the facts have been established which might reasonably support the judgment."

Although our conclusions might differ from those of the trial court, we are bound by the authorities cited herein.

## IS THE JUDGMENT ENTERED BY THE COURT CONTRARY TO LAW

Appellant next argues that the verdict returned by the jury is not identical to the judgment of the court and therefore the judgment cannot stand. Again we find ourselves at odds with the legal conclusions as drawn by appellant.

The exact language of the verdict and judgment are set out as follows:

"We, the jury, duly impanelled and sworn in the above-entitled action, upon our oath, do find the issues in favor of the intervenor and against the plaintiff."

"That judgment be entered in favor of the HARBORLITE CORPORATION, Intervenor, establishing its right of possession of the crusher plant, which is the subject matter of this action, and that they are in full compliance with each and every, all and singular, the terms of the said lease and amendments thereto."

The term "judgment" has various and sundry meanings at law. The Supreme Court, in State v. Birmingham, 96 Ariz. 109, 112, 392 P.2d 775, 777 (1964), aptly defines "judgment" as follows:

"Rule 54(a), adopted in 1939, provides that the term 'judgment' as used in the Civil Rules of Procedure includes decrees and orders from which an appeal lies. The word 'judgment' itself is commonly understood to mean the act of a

court which fixes clearly the rights and liabilities of the respective parties to litigation and determines the controversy at hand. Cf. Solana Land Co. v. Murphey, 69 Ariz. 117, 122, 210 P.2d 593. Rule 54(a) recognizes that the various decrees and orders made by a superior court under the union of law and equity practice are in fact judgments if settling the rights of litigants to the extent that an appeal lies."

Appellant urges that the court's language is contrary to the purpose of a judgment and therefore invalid. In our opinion the judgment as issued by the court appears on its face to be an ". . . act of a court which fixes clearly the rights and liabilities of the respective parties to the litigation and determines the controversy at hand." 96 Ariz. at 112, 392 P.2d at 777.

It seems clear that the court's judgment speaks both of the possessory rights to the crusher plant and that the appellees are in compliance with the controlling agreements. The mere difference in language is not an indication that the jury verdict differs from the trial court's judgment.

It should also be noted that the record does not support appellant's contention that the judgment is contrary to law because of the litigants' stipulations in the case. The facts indicate that the parties stipulated only to documents introduced into evidence and to the nature of the controversy. Nowhere in the record is there an indication that the parties stipulated to the facts. On the contrary, the parties vehemently disagreed as to whether appellees had complied with the terms of the lease. The judgment as entered spoke of the determination of this question of fact in favor of the appellees as found by the jury.

## ADMISSION OF EVIDENCE

The appellant next argues that the trial court erred in admitting and rejecting certain evidence. This objection centers around the materiality and relevancy of certain testimony and documents accepted and rejected by the trial court. Appellant

cites no authority for the proposition that reversible error was committed and in fact is submitting nothing more than an extremely broad generalization.

The Supreme Court in Higgins v. Arizona Savings and Loan Association, 90 Ariz. 55, 62, 365 P.2d 476, 481 (1961), stated:

"In determining the relevancy and admissibility of evidence the trial judge is invested with considerable discretion. There was no abuse of that discretion manifested in this instance."

Having cited no authority for his proposition, appellant's argument flies in the face of the directive as set out in Higgins, supra. It should be further noted that the trial court is vested with great discretion in the conduct and control of a trial. See E. L. Jones Construction Co. v. Noland, 105 Ariz. 446, 466 P.2d 740 (1970). There is no evidence in the record which indicates a clear abuse of discretion on the part of the trial court.

The judgment is affirmed.

DONOFRIO, P. J., and STEVENS, J., concur.