560 P.2d 68

John N. BISNETT and Christine Bisnett, his wife, Appellants,

v.

Robert MOWDER, a divorced man, and Jean Lilly, formerly Jean Mowder, Appellees.

No. 1 CA–CIV 3088.

Court of Appeals of Arizona, Division 1, Department A.

Jan. 27, 1977.

McGillicuddy & Rich by T. J. McGillicuddy, and Shimmel, Hill, Bishop & Gruender, P. C. by James W. Hill, Phoenix, for appellants.

Johnson, Tucker, Jessen & Dake, P. A. by Richard H. Oplinger, Phoenix, for appellees.

NELSON, Presiding Judge.

The appellants, John N. and Christine Bisnett (Bisnett), brought suit against the appellees, Robert Mowder and his former wife, Jean (Mowder), for injuries sustained by Mrs. Bisnett when she slipped and fell on the Mowders' patio located adjacent to their swimming pool while the Bisnetts were on the Mowder premises as social guests. The trial court directed a verdict for the Mowders at the close of the plaintiffs' (Bisnett) case. This appeal followed. We reverse.

Mrs. Bisnett was a social guest for dinner. After dinner the two couples swam in

Mowders' pool. While sitting beside the pool, dangling her feet in the water, Mrs. Bisnett decided she wanted to smoke a cigarette. As she walked barefoot to where her cigarettes were located, she walked upon the patio, slipped and fell, and was injured.

 There is no question as to Bisnett's legal status while she was upon the Mowders' property. She was a licensee. *Shannon v. Butler Homes, Inc.*, 102 Ariz. 312, 428 P.2d 990 (1967). As such:

> "[t]he rule seems to be settled on this point that the owners of the premises owe no duty to the guest other than to refrain from knowingly letting him run upon a hidden peril or wantonly or wilfully causing him harm. * * *
>
> '* * * However, the rule is that a host who knows of a concealed danger upon the premises is guilty of negligence if he permits the guest, unwarned of the peril, to come in contact therewith, and he may be held liable to the guest for an injury thus sustained.' *Sanders v. Brown*, 73 Ariz. 116, 238 P.2d 941, 944–945." *Shannon v. Butler Homes, Inc., supra*, 102 Ariz. at 316, 428 P.2d at 994.

*See also Downey v. Lackey*, 11 Ariz.App. 528, 466 P.2d 401 (1970); *Robles v. Severyn*, 19 Ariz.App. 61, 504 P.2d 1284 (1973).

In this case, there were no warnings and the relationship of the injuries to the fall on the slippery patio is not here in issue. The sole issue, therefore, is whether the plaintiffs (Bisnett) developed sufficient facts and inferences to take the question of whether the patio in question was a "concealed danger" or "hidden peril" to the jury? *Shannon v. Butler Homes, Inc., supra; Downey v. Lackey, supra*. We believe they did.

The Florida Supreme Court, in a case which may have involved an even higher duty (invitee vs. licensee),[1] used very appropriate language in upholding a judgment on the pleadings for the property owner:

"It is a matter of common knowledge which should be known to every intelligent person that walks adjacent to or leading to or surrounding a bathing pool generally have water constantly thrown upon them and are in a slippery condition. It should not be necessary to state that bathing pools generally have water in them and then when bathers jump into or dive into pools they naturally and necessarily splash water onto the walks adjacent to or surrounding such pools. A swimming pool used in connection with a hotel with walkways connecting such swimming pools and hotels are constantly used by the bathers going from the swimming pool to the hotel with wet bathing suits on and with bare feet. Naturally, such walks constantly have water on them and are in a slippery condition." *Andrews v. Narber*, 59 So.2d 869, 870 (Fla.1952).

This language is equally applicable to the cement walkways and patios surrounding the thousands of swimming pools built adjacent to hotels, apartments and homes in Arizona. *See also Anderson v. Seattle Park Co.*, 79 Wash. 575, 140 P. 698 (1914); *Crystal Palace Co., Inc. v. Lenox*, 299 S.W. 703 (Tex.Civ.App.1927); *Sciarello v. Coast Holding Co.*, 242 App.Div. 802, 274 N.Y.S. 776, *affirmed* 267 N.Y. 585, 196 N.E. 591 (1935).

██ Viewing the evidence together with all the inferences that might reasonably be drawn therefrom in a light most favorable to the Bisnetts, as we must do in the case of a directed verdict such as this one, *Lancaster v. Chemi-Cote Perlite Corporation*, 20 Ariz.App. 229, 511 P.2d 673 (1973); *Goedecke v. Price*, 19 Ariz.App. 320, 506 P.2d 1105 (1973), we have more than the normal swimming pool, sidewalk and patio situation covered by the rule set forth above.

Approximately six weeks before the injury to Mrs. Bisnett, Mr. Mowder had painted

---

1. This distinction is not critical here, since both a licensee and an invitee must be warned of known hidden perils, and neither need be warned about obvious and open dangers around swimming pools. *Smith v. American Flyers, Inc.*, 540 P.2d 1212 (Okl.App.1975). In any event, the proprietor of a public pool has a greater duty of care than the owner of a private, backyard pool. *Jones v. Maryland Casualty Company*, 256 So.2d 358 (La.App.1971).

the patio in question with a green colored enamel paint, leaving a glossy finish. Except for the color, cement gray to green, the appearance of the patio was not altered by the application of the paint. The testimony clearly reflects that the coat of paint made the patio more slippery than before when contacted by wet, bare feet. While there is some dispute in the briefs as to whether this fact made the patio "extremely" slippery, such as ice, or slightly more slippery, it is undisputed that the paint made the patio more slippery and that Mowders were well aware of that fact on the night of the accident. While these characterizations of degree of slipperiness, both in argument and in the testimony, are appropriate matters for the jury to consider on the issue of "hidden peril" or "concealed" danger, they do not have any effect on the issue before us now.

The Mowders had observed other people fall on the patio since the paint had been applied and had warned them to be careful because of the particular slippery nature of this painted patio. No warning had been given to the Bisnetts.

Viewing the facts in this light, Justice Struckmeyer's summary in *Shannon v. Butler Homes, Inc., supra,* points us to the proper resolution of this cause:

"Since we are reversing this cause for further proceedings, we deem it advisable to restate our conclusions. As to a social guest, an occupier of premises owes no duty other than to refrain from *knowingly* exposing him to a hidden peril or wilfully or wantonly causing him harm; *that what constitutes a hidden peril will, in borderline cases, be a question of fact for the jury*; that as to hidden perils, it is the duty of the occupier to adequately warn the social guest of those with which he may come in contact; and that whether this duty has been fulfilled is to be tested by the standard by which negligence is to be determined—that is, by what a reasonable prudent man would do under like circumstances." 102 Ariz. at 318, 428 P.2d at 996. (Emphasis supplied)

This is one of those borderline cases. It is up to the jury to determine if the admitted change in the patio caused by the application of the paint was sufficient to transform it from an ordinary patio situated adjacent to a swimming pool, to a hidden peril requiring an adequate warning to a social guest.

The judgment below is reversed and the cause is remanded for a new trial.

OGG and DONOFRIO, JJ., concur.