646 P.2d 279

**STATE of Arizona, Plaintiff-Appellee,**

v.

**Ronald Edgar VEATCH, Defendant-Appellant.**

No. 15849.

Supreme Court of Arizona, En Banc.

May 25, 1982.

Thomas E. Collins, Maricopa County Atty. by Roderick D. Mac Millan, Deputy County Atty., Phoenix, for plaintiff-appellee.

Frederick F. Stannard, Scottsdale, for defendant-appellant.

HAYS, Justice.

This is an appeal from an order of bond forfeiture. Appellant, Ronald Edgar Veatch, was detained in the Maricopa County jail on charges of being a fugitive from justice in Texas and California. Two bonds totalling $15,680 were posted and appellant was released. A condition of the release order was that appellant appear in court at a fugitive hearing on September 18, 1979. Appellant failed to appear on that date.

Later a hearing was held pursuant to A.R.S. § 13–3858 to show cause why the bond should not be forfeited. The explanation offered for appellant's failure to appear was that the appellant was incompetent. No other explanation was presented. The trial court, after hearing, found that appellant was competent and that there was no reasonable cause why the bond should not be forfeited.

Appellant appeals this order of bond forfeiture. We have jurisdiction of this appeal by transfer from the Court of Appeals pursuant to 17A A.R.S. Arizona Rules of Civil Appellate Procedure, rule 19(e). We affirm the judgment of the trial court.

This case presents two issues: 1) Did the trial court abuse its discretion in finding the appellant competent? 2) Is the test for determining reasonable cause for nonappearance whether or not appellant willfully failed to appear?

When the appellant failed to appear in court on the scheduled date, a bench warrant was issued. A hearing was then ordered to show cause why the bond should not be forfeited. The trial court held that the case was a civil matter. *State v. Rogers*, 117 Ariz. 258, 571 P.2d 1054 (App.1977).

After several continuances,* a hearing was held which was treated by the parties and the court as a trial on the merits. Live testimony of a psychiatrist was presented by the defense. Several reports written by different psychiatrists were also submitted to the court.

## MENTAL COMPETENCY ISSUE

■ An appellate court must view the evidence on appeal in a light most favorable to support the judgment of the trial court. *Kubby v. Crescent Steel*, 105 Ariz. 459, 466 P.2d 753 (1970). The judgment of the trial court is presumed to be correct if there is any reasonable evidence in the record to sustain it, and the reviewing court will not substitute its discretion for that exercised by the trial court. *Lancaster v. Chemi-Cote*

*Perlite Corp.*, 20 Ariz.App. 229, 511 P.2d 673 (1973). The appellate court will not disturb a ruling of the trial court in the exercise of the trial court's discretion unless there has been abuse of discretion. *State v. Janise*, 116 Ariz. 557, 570 P.2d 499 (1977).

■ The trial court found the following. The appellant was only involved in psychiatric counseling or diagnosis when he had pending criminal charges. There was no record of such problems at any other time. The appellant's reaction to any treatment or diagnosis has become more bizarre over the years to the point where he indicated he had the intelligence of a four-year-old. Yet, when he was not under the eye of a psychiatrist, he functioned quite well. He had even owned a business.

Additionally, the trial court found that appellant had a lengthy criminal record which included crimes that require substantial intellectual capability. Further, the appellant utilized bizarre behavior as a defense mechanism and had learned the psychiatric game. The court found the appellant was competent and responsible when he failed to appear.

There is ample evidence in the record to support the trial court's findings. We find no abuse of discretion.

## REASONABLE CAUSE TEST

A.R.S. § 13–3858 applies to bail posted in extradition matters. However, it does not provide a specific procedure for recovery of the bond once it is forfeited. The statute provides:

"If the prisoner is admitted to bail, and fails to appear and surrender himself according to the conditions of his bond, the court, by proper order, shall declare the bond forfeited; and *recovery may be had thereon* in the name of the state *as in the case of other bonds or undertaking* given by the accused in criminal proceedings within this state." (Emphasis added.)

---

* The parties had stipulated to continue the hearing until determination of a federal court bond-forfeiture case involving the appellant. At the time of this trial the federal court judge had found the appellant competent to stand trial but had not yet ruled on the bond-forfeiture case.

We interpret the portion of this statute which deals with recovery of the bond to refer to bond-forfeiture proceedings for nonextradition matters provided for in Rule 7.6(d), Arizona Rules of Criminal Procedure. This rule states:

"If at any time it appears to the court that a condition of an appearance bond has been violated, it shall require the parties and any surety to show cause why the bond should not be forfeited, setting a hearing thereon within 10 days. If at the hearing, *the violation is not explained or excused,* the court may enter an appropriate order of judgment forfeiting all or part of the amount of the bond, which shall be enforceable by the prosecutor as any civil judgment." (Emphasis added.)

This rule combines into a single hearing the proceedings in Rules 70–75, 1956 Arizona Rules of Criminal Procedure, as amended. (See comment).

Cases arising under the old bond-forfeiture proceedings required reasonable cause for nonappearance before a bond forfeiture could be set aside. *United Bonding Insurance Co. v. City Court of City of Tucson,* 6 Ariz.App. 462, 433 P.2d 642 (1967); *State v. Superior Court In & For County of Maricopa,* 96 Ariz. 229, 393 P.2d 919 (1964).

Rule 7.6(d) requires that the violation be explained or excused or the bond will be forfeited. Applying this standard, we interpret A.R.S. § 13–3858 to require a reasonable explanation or reasonable cause for nonappearance or other violation before recovery or discharge can be had on the bond forfeiture.

Appellant contends the reasonable-cause test requires finding whether or not the appellant "willfully" failed to appear. As support for this position, appellant cites a portion of the release order which states:

"Upon finding that the [appellant] or any other person named in this order has willfully violated its terms, the court may also find him in contempt of court and sentence him to a term of imprisonment, a fine, or both."

This provision clearly refers to penalties the court may impose *in addition* to ordering the bond forfeited. Another provision of the release order provides for forfeiture of the bond if the [appellant] violates any of the conditions, with no mention of willfulness. The language of a bail-bond contract should be strictly construed in accordance with the terms contained therein. *United States v. Lujan,* 589 F.2d 436 (9th Cir.), *cert. denied,* 442 U.S. 919, 99 S.Ct. 2842, 61 L.Ed.2d 287 (1979).

The element of willfulness is involved only if additional sanctions such as contempt are applied by the court. It is not an element in the determination of forfeiture.

After reviewing all the evidence, the trial court found no reasonable cause for appellant's nonappearance and ordered the bond forfeited. We find no error.

Affirmed.

HOLOHAN, C. J., GORDON, V. C. J., and CAMERON and FELDMAN, JJ., concur.