709 P.2d 591

**John and Marilyn McCUTCHIN, husband and wife, Plaintiffs/Appellants,**

**v.**

**SCA SERVICES OF ARIZONA, INC., an Arizona corporation, Defendant/Appellee.**

**No. 2 CA–CIV 5331.**

Court of Appeals of Arizona, Division 2, Department B.

Oct. 2, 1985.

Rehearing Denied Nov. 12, 1985.

Terry W. Aron, P.C. by Terry W. Aron and Karen E. Allen, Tucson, for plaintiffs/appellants.

Law Offices of John W. Lovell by John W. Lovell, Tucson, for defendant/appellee.

## OPINION

LIVERMORE, Judge.

John and Marilyn McCutchin, plaintiffs-appellants, brought a declaratory judgment action against defendant-appellee, SCA Services of Arizona, Inc., an Arizona corporation, seeking a declaration of the rights of the parties under a certain lease agreement. The trial court conditionally received parol evidence while considering a motion in limine to exclude it. After hearing the testimony, the trial court granted the motion and declared that the lease contained a valid option to extend, the monthly rent for the extended term being equal to the monthly rent charged during the original term. The issue on appeal is whether the trial court should have admitted the parol evidence. Appellants contend that the evidence demonstrated that the parties did not intend to create a legally enforceable option despite their inclusion in the lease of the following:

"3. *TERM.* ... LESSEE shall have the option to extend this lease for an additional term of five years upon written notice to LESSOR at least 90 days prior to the expiration of the original term."

The parol evidence rule is a rule of substantive law which declares "that certain kinds of fact are legally ineffective ...." 9 Wigmore, Evidence § 2400 (Chadbourn rev.1981). Once the parties reach a complete and final understanding that integrates all aspects of their agreement, the parol evidence rule prohibits judicial consideration of extrinsic evidence that adds to, subtracts from, varies or contradicts the integrated agreement. *Richard Development Co. v. Slight,* 89 Ariz. 100, 358 P.2d 329 (1961). Appellants' attempt to excise the integrated renewal option by extrinsic evidence obviously violates the rule.

In *Darner Motor Sales, Inc. v. Universal Underwriters Ins. Co.,* 140 Ariz. 383, 682 P.2d 388 (1984), however, the Supreme Court of Arizona moved away from strict application of the rule. The court found that "a contract should be read in light of the parties' intentions as reflected by their language and in view of all the circumstances" and held that "evidence of surrounding circumstances including negotiation, prior understandings, subsequent conduct and the like is taken to determine the parties' intent with regard to ... the meaning of the provisions contained in the agreement." But applying *Darner* to the case at bar does nothing to enhance appellants' position. The *Darner* court was deciding whether a contractual provision contrary to the negotiated agreement made by the parties should be given effect. Id. at 387, 682 P.2d at 392. Here, on the other hand, the disputed provision was in accord with the lease negotiations. The lease renewal option was added to the lease at appellants' request for appellants' benefit. Thus the "surrounding circumstance" of negotiation indicates that appellants received precisely what they bargained for. In his offer of proof appellant, John McCutchin, testified that he believed that the option would never be exercised. However, there was no "prior understanding" to that effect, only a unilateral, subjective belief. Insofar as the subjective belief of a contracting party contradicts his manifested intent, that subjective belief is irrelevant. *Cecil Lawter Real Estate School, Inc. v. Town & Country Shopping Center Co., Ltd.,* 143 Ariz. 527, 542, 694 P.2d 815, 830 (App.1984) (concurring opinion); Restatement (Second) of Contracts § 2, comment *b* (1982).

Appellant further argues that the option is unenforceable because indefinite and uncertain. An agreement is uncertain and ambiguous "if the language used by the parties can reasonably be construed in more than one sense and such construction cannot be determined within the four corners of the instrument." *Cecil Lawter,* supra, at 533, 694 P.2d at 821. The contested language provides the lessee with an option to "extend this lease," which is a general covenant to renew devoid of any explicit recitation of the amount of rent to be paid during the extended term. However, by referring to "this" lease, the option provision incorporates by reference all the rest of the lease agreement including the provision specifying a rental rate of $1400 per month. Thus the option provision imports a new lease on the same terms and conditions. As such, it allows the court to determine what has been agreed upon and is therefore unambiguous and enforceable. 1 A. Corbin, Contracts § 97 (1963).

Appellant has cited to this court numerous cases in which general renewal provision were found to be so uncertain as to be unenforceable. However, in each of the cited cases the disputed provisions were either ambiguous or were explicitly made subject to future negotiation. Inasmuch as this lease is neither ambiguous nor explicitly subject to future negotiation those cases are inapposite.

The judgment of the trial court is affirmed.

HATHAWAY, P.J., and LACAGNINA, J., concur.