158 P.3d 206

**In re EDGAR V.**

No. 1 CA–JV 05–0205.

Court of Appeals of Arizona, Division 1, Department A.

March 27, 2007.

Review Denied Sept. 25, 2007.

Andrew P. Thomas, Maricopa County Attorney, by Linda Van Brakel, Deputy County Attorney, Phoenix, Attorneys for Appellee.

Robert D. Rosanelli, Phoenix, Attorney for Appellant.

JOHNSEN, Judge.

¶ 1 This is an appeal by Edgar V. of the juvenile court's order transferring him to superior court to face charges of first-degree murder, armed robbery and misconduct involving a weapon. Edgar was 13 years' old at the time of the transfer. He argues on appeal that because a majority of the factors set out in the transfer statute weighed against transfer, the juvenile court erred in transferring his case. *See* Arizona Revised Statutes ("A.R.S.") section 8–327 (2007).[1]

---

1. We cite the current version of the statute because it is the same as the version in effect at the time the offense was committed.

Because we conclude that the statute requires an individualized, fact-specific inquiry that may cause the court to give appropriately varying weights to the relevant factors, we affirm the juvenile court's order.

## BACKGROUND

¶ 2 In October 2005, the State filed a petition in juvenile court charging Edgar with one count of first-degree murder, three counts of armed robbery, and one count of misconduct involving weapons.[2] The charges stemmed from Edgar's alleged involvement in what began as an illegal drug sale. According to police reports, in the early morning hours of October 9, 2005, three young men approached Edgar at a convenience store and asked about purchasing methamphetamine. Edgar said he knew where to obtain the drug, got in the car with the young men, and directed them to a house. As they drove, Edgar asked the others if they had any guns, and they replied that they did not. Edgar told them he had a gun and threatened to use it if they "mess[ed]" with him.

¶ 3 Once at the house, Edgar went inside with some men who had been standing outside and then returned to the car alone with some methamphetamine. After a dispute about how much the drug would cost, Edgar went back in the house and returned with a second man. Edgar asked the men in the car to give the two of them a ride back to the convenience store so that they could get some bills to make change. As they drove back to the store together, one of the young men told Edgar he had enough money to make change. At that point, Edgar pulled out his gun and demanded that the young men give him their money. When one said he did not have any money, Edgar shot him in the head, killing him.

¶ 4 Before adjudication, the State moved to transfer Edgar's case to superior court for prosecution. *See* Arizona Rules of Procedure for the Juvenile Court 34. The court conducted a transfer hearing pursuant to A.R.S. § 8–327. Edgar waived his right to an evi-

dentiary hearing on probable cause, and upon review of the police reports and a transfer report prepared by the juvenile probation department, the court found probable cause to believe Edgar had committed the crimes alleged. After considering a psychological evaluation, the transfer report, the attorneys' statements and statements by Edgar and others on behalf of Edgar and the victims, the court transferred Edgar's case for criminal prosecution. Edgar timely appeals.[3]

## DISCUSSION

¶ 5 We review the court's transfer order for an abuse of discretion. *Coconino County Juv. Action No. J–10359*, 157 Ariz. 81, 89, 754 P.2d 1356, 1364 (App.1987). We will not substitute our own judgment for that of the court, and will sustain the court's order if reasonable evidence in the record supports it. *See State v. Veatch*, 132 Ariz. 394, 396, 646 P.2d 279, 281 (1982); *Maricopa County Juv. Action No. A–25525*, 136 Ariz. 528, 533, 667 P.2d 228, 233 (App.1983).

¶ 6 Upon receipt of a motion to transfer, the court is required to conduct a transfer hearing before it adjudicates the juvenile. A.R.S. § 8–327(B). The law requires that before ordering a transfer, the court first must find probable cause to believe an offense was committed and that the juvenile committed the offense. A.R.S. § 8–327(C); *J–10359*, 157 Ariz. at 84, 754 P.2d at 1359. Second, the court "shall" order a transfer if it also finds "that the public safety would best be served by the transfer of the juvenile for criminal prosecution." A.R.S. § 8–327(C). Both findings must be made based on a preponderance of the evidence. *Id.*

¶ 7 The court is required to consider a number of factors in determining whether a transfer would best serve public safety. A.R.S. § 8–327(D). Specifically, A.R.S. § 8–327(D) states the court must consider each of the following:

1. The seriousness of the offense involved.

---

2. The State later amended one robbery charge to attempted robbery.

3. We have jurisdiction pursuant to Rules of Procedure for the Juvenile Court 88(A).

2. The record and previous history of the juvenile, including previous contacts with the courts and law enforcement, previous periods of any court ordered probation and the results of that probation.

3. Any previous commitments of the juvenile to juvenile residential placements and secure institutions.

4. If the juvenile was previously committed to the department of juvenile corrections for a felony offense.

5. If the juvenile committed another felony offense while the juvenile was a ward of the department of juvenile corrections.

6. If the juvenile committed the alleged offense while participating in, assisting, promoting or furthering the interests of a criminal street gang, a criminal syndicate or a racketeering enterprise.

7. The views of the victim of the offense.

8. If the degree of the juvenile's participation in the offense was relatively minor but not so minor as to constitute a defense to prosecution.

9. The juvenile's mental and emotional condition.

10. The likelihood of the juvenile's reasonable rehabilitation through the use of services and facilities that are currently available to the juvenile court.

In announcing its decision, the court must detail on the record its reasons for granting or denying the transfer. A.R.S. § 8–327(C); *Maricopa County Juv. Action No. J–94518*, 138 Ariz. 287, 290, 674 P.2d 841, 844 (1983).

¶ 8 Edgar argues that the court erred in granting the State's transfer motion because, he contends, more of the statutory factors in his case weighed in favor of maintaining jurisdiction in the juvenile court than against. Specifically, he contends the court abused its discretion because it emphasized the first factor, the seriousness of the alleged offenses, and gave little or no consideration to evidence relevant to factors two, three, four, five, nine[4] and ten, each of which arguably weighed against transferring the case. He

asserts that the court erred by relying heavily on the first factor in ordering the transfer because the statute does not state that any one factor should receive more weight than another. Although Edgar is correct that the statute does not direct the court to weigh any one factor more than another, we disagree that the court improperly did so in this case.

¶ 9 In determining that the public safety would be best served by transferring the case for adult prosecution, the court reviewed the available evidence as it applied to each of the relevant statutory factors in A.R.S. § 8–327(D). The court observed that several of the factors, including factors one (the seriousness of the offenses), seven (victims' views of the offense), eight (level of juvenile's participation in offenses) and ten (likelihood of reasonable rehabilitation), weighed in favor of transferring the case. The court found that factors four and five, each of which relates to prior commitment of the juvenile to the Department of Juvenile Corrections, did not apply because Edgar had not previously been found delinquent of a felony offense.

¶ 10 The court also considered and discussed on the record the remaining four factors before it granted the transfer. The court remarked that although Edgar's insignificant juvenile history (factor two) "appear[ed]" to weigh against granting the transfer, due to Edgar's young age, "he has not had a great deal of time to have contact with the criminal justice system." The court observed that Edgar had not previously been placed in a residential institution (factor three), and found that fact "weigh[ed] slightly" against the transfer. With regard to whether the offense was gang-related (factor six), the court remarked that the late-night drug deal that was the catalyst for the events at issue may have involved gang-related activities. Even though Edgar admitted associating with gang members and apparently had an older sibling who was involved in a gang, he denied being a gang member, and

---

4. Edgar's opening brief actually cites factor number eight and not factor nine. The juvenile court, however, found that factor eight, the juvenile's degree of involvement in the alleged crimes, weighed in favor of transferring the case.

In contrast, the court found that the ninth factor, concerning the juvenile's mental and emotional condition, weighed against transfer. We treat the reference to factor eight in Edgar's brief as a typographical error.

80

the court said that "if anything [this was] a very minor factor in favor of transfer."

¶ 11 Finally, the court found that Edgar's mental and emotional condition weighed against transferring the case but rejected a psychologist's recommendation that the case not be transferred on that basis. *See Coconino County Juv. Action No. J–9896*, 154 Ariz. 240, 243, 741 P.2d 1218, 1221 (1987) (juvenile court is not bound by psychologists' recommendations). Although the psychologist concluded that based on Edgar's age, he would be "amenable to effective treatment," the psychologist also noted that he "present[s] a significant danger to others and clearly is in need of a secure setting."

¶ 12 In reaching its decision, the court articulated additional concerns that supported the transfer. It noted that even though Edgar was 13 at the time of the crimes, he was only four months shy of his fourteenth birthday, and, had he been accused at 14 of one count of either first-degree murder, a class 1 felony, A.R.S. § 13–1105(D) (Supp.2006), or armed robbery, a class 2 felony, A.R.S. § 13–1904(B) (2001), under the law, the State could have charged and tried him as an adult. A.R.S. § 13–501(B)(1), (2) (2001 & Supp.2006) (juvenile accused of class 1 or class 2 felony who is at least 14 years of age may be charged "in the same manner as an adult"). The court also expressed concern that if it maintained jurisdiction of the matter and Edgar were adjudicated delinquent, he would spend at most only four years in the juvenile system.

¶ 13 The court observed that as dictated by statute, its "paramount concern" was whether the transfer would serve to protect the public. Although in its final analysis the court juxtaposed the severity of the crimes and Edgar's age as "the two most important competing interests in [the] case," it is clear that the court considered each of the relevant statutory factors. Upon its finding that a preponderance of the evidence demonstrated that public safety would be served by transferring the case, the court ordered the transfer. Because reasonable evidence supports the court's findings, we cannot conclude that the court abused its discretion when it granted the transfer order.

## CONCLUSION

¶ 14 For the foregoing reasons, we affirm the juvenile court's transfer order.

CONCURRING: PATRICIA A. OROZCO, Presiding Judge, and JOHN C. GEMMILL, Judge.