463 P.2d 547

**AZTEC FILM PRODUCTIONS, a partnership, Appellant,**

v.

**TUCSON GAS & ELECTRIC CO., a corporation, Appellee.**

**No. 2 CA–CIV 653.**

Court of Appeals of Arizona.

Division 2.

Dec. 18, 1969.

Rehearing Denied Jan. 20, 1970.

Review Denied Feb. 17, 1970.

HATHAWAY, Judge.

Aztec Film Productions brought a suit against Tucson Gas & Electric Company and Harwood Advertising, Inc., alleging a breach of contract and interference with a contract. Aztec dismissed as to Harwood Advertising, Inc. and amended its complaint by deleting the interference with a contract count.

Aztec claims that it was hired to produce fifteen commercial films for Tuscon Gas & Electric Company to be used in a television show. This claim was based on a written purchase order signed by Harwood Advertising, Inc., agents for Tucson Gas & Electric. The trial judge found that no enforceable contract existed between the parties, made findings of fact, and ordered judgment for the defendant Tucson Gas & Electric. The plaintiff has appealed from this judgment.

Bernard I. Rabinovitz, Tucson, for appellant.

Holesapple, Conner, Jones, McFall & Johnson, by Blair Benjamin, Tucson, for appellee.

The purchase order in question provides:

This is our Purchase Order 
CO 20–2839 AD 656 
Client Tucson Gas

To: Ken Burns 
Address: 
City: Aztec Films 
 Tucson 
 Date: 1/12/66

CONFIRMING: 
Reversal Original Silent 
Two minute finished film 
at $397.00 per 2 minutes.

Ectachrome Commercial sound 
Two minutes. finished 
per Two minute print $525.00 
Approximate 15 commercials

HARWOOD ADVERTISING by Suzy Tilden 
 Media Director

The plaintiff contends that the court erred in permitting parol evidence to alter or amend the purchase order. The court allowed evidence showing the parties contracted for other than fifteen commercials. As a rule a written contract merges all prior negotiation that has previously occurred, Haglin v. Ashley, 212 Minn. 445, 4 N.W.2d 109 (1942), 17 Am.Jur.2d, Contracts § 260, and the writing is the only criterion of the completeness of the written contract. Stewart v. Southwest Cotton Company, 38 Ariz. 547, 2 P.2d 1041 (1931). However, this rule is subject to various exceptions. ▪ In S. H. Kress & Co. v. Evans, 21 Ariz. 442, 189 P. 625 (1920), when speak-

ing of the general principles of the parol evidence rule, the court stated:

> "The law is very firmly settled that when parties have put their engagements into writing in such terms as import a legal obligation *without any uncertainty as to the object or extent of such engagement,* it is conclusively presumed that the whole engagement of the parties, and the extent and manner of the undertaking was reduced to writing, and all oral testimony of a previous colloquium between the parties, or of conversations or declarations at the time it is completed, or afterwards, is rejected." 21 Ariz. 447, 189 P. 626. (Emphasis added)

We are of the opinion that the purchase order does not state a finalized obligation. A contract based partially on oral and partially on written communication is considered a "partial integration" of the entire contract. In such a case parol evidence is admissible to prove the part of the contract not included in the written document. 17 Am.Jur.2d, Contracts § 68.

 It is evident that the writing in question here does not constitute the final and complete agreement of the parties, for nothing in the document indicates the dates of performance, the type of commercial film to be produced—silent or sound, black and white or color; thus as a partially integrated contract parol evidence was admissible. On this basis alone the trial court was correct in admitting parol evidence, and was certainly correct in admitting parol evidence to interpret the term "Approximate 15 commercials." Harten v. Löffler, 212 U.S. 397, 29 S.Ct. 351, 53 L.Ed. 568 (1909).

 Our decision is further buttressed by the well-recognized exception to the parol evidence rule that if the terms and provisions of a contract are ambiguous, or if the writing is capable of more than one construction, parol evidence is admissible to explain and ascertain what the parties intended. 32A C.J.S. Evidence § 959; McCormick on Evidence (Hornbook Series)

§ 219. The purchase order here is so ambiguous that parol evidence is necessary to determine the parties' intent. The term "Approximate 15 commercials" cannot by itself serve to indicate what the parties intended without the use of parol evidence. This is true even though that term is within the portion considered "integrated" because of the term's inherent ambiguity.

 The plaintiff additionally contends that the trial court erred in finding that the parties "did not enter into a contract for the production of any commercial films other than those films which were paid for by the defendant." Where findings of fact are made, we are bound by those findings unless they are clearly erroneous, giving due regard to the opportunity of the trial court to weigh the credibility of the witnesses. Viewing the evidence in a light most favorable to sustaining the judgment rendered, we find no error was committed by the trial court in this respect.

The plaintiff states the trial court erroneously overlooked the purchase order and a subsequent letter from the defendant's agents which stated that all production " * * * is to be discontinued pending possible new agreement." The appellant says this conclusively shows the parties intended the production to be for fifteen instead of just three commercials, as the trial court found.

 While the price was established in the purchase order for both silent and sound films, the number and type of each film was not stated and other essential terms of the contract are omitted. A party will not be subjected to a contractual obligation where the character of that obligation is so indefinite and uncertain as to its terms and requirements that it is impossible to state with certainty the obligations involved.

Affirmed.

HOWARD, J., and E. D. McBRYDE, Judge of the Superior Court, concur.

NOTE: Judge HERBERT F. KRUCKER having requested that he be relieved from

**244**

consideration of this matter, Judge E. D. McBRYDE was called to sit in his stead and participate in the determination of this decision.