531 P.2d 166

**Chester R. MEAD and Dorothy E. Mead, husband and wife, Appellants,**

**v.**

**Robert E. NACEY and Barbara M. Nacey, husband and wife, Nicholas Johnoff and Florence M. Johnoff, husband and wife, and Cynthia J. Van Auken, Appellees.**

**No. 2 CA–CIV 1641.**

Court of Appeals of Arizona, Division 2.

Feb. 4, 1975.

As Amended Feb. 4, 1975.
Rehearing Denied March 12, 1975.
Review Denied April 15, 1975.

**122**

Lesher, Kimble, Rucker & Lindamood, P.C. by Edgar F. Rucker, Dorothy E. Mead, Tucson, for appellants.

Vincent E. Odgers, Tucson, for appellees Nacey.

Johnson, Hayes & Dowdall, Ltd. by John G. Stompoly, Tucson, for appellees Johnoff and Van Auken.

## OPINION

KRUCKER, Judge.

This is an appeal from a judgment entered against Chester R. Mead, individually, providing that he pay the plaintiffs, Robert E. Nacey and Barbara M. Nacey, the sum of $12,160.00. Appellants also appeal from a denial of their claim against the third-party defendants, cross-appellees, Nicholas Johnoff and Florence M. Johnoff, real estate brokers, and Cynthia J. Van Auken, an agent for Johnoff Realty, for breach of fiduciary duty.

This action arises out of a refusal by appellants to perform a written agreement providing for the purchase of a lot in El Encanto Estates. Chester Mead, on September 23, 1970, signed a deposit receipt and sales agreement prepared by Johnoff Realty and delivered his personal check to the broker in the sum of $1,000.00 The following day, Mead was informed that the owners had accepted the check but demanded an additional $1,000, which was also delivered to the broker in the form of a personal check from Mead. It appears that prior to signing the sales agreement, Mead had sought out Van Auken and given her the task of finding a residence. Neither Van Auken nor the Johnoffs had any contact with the Naceys until after Chester Mead signed the sales agreement. It is undisputed that Dorothy Mead never signed the deposit and sales agreement. Additionally, the Meads and Naceys never met prior to trial and never communicated except through Van Auken and the Johnoffs.

Appellants argued below that the agreement was specifically conditioned on Dorothy Mead's mother making a financial contribution to the down payment, plus monthly upkeep, and on Dorothy Mead's inspection and approval. Van Auken denied these conditions, as did Florence Johnoff.

Appellants further claim that at a meeting on November 30, 1970, they refused to go ahead with the purchase. This claim was directly controverted by Johnoff and by a witness who said the Meads expressed great satisfaction with the Naceys' house.

On appeal, appellants assert that A.R.S. § 25–214(A), which formerly provided that only the husband could make contracts binding upon the community property of the husband and wife is unconstitutional because it violates a married woman's 14th Amendment rights to due process and equal protection. Secondly, appellants assert that they were entitled to judgment as to their third-party action against cross-appellees for breach of their fiduciary duty.

Appellants assert as to their first contention that Mrs. Mead's rights of equal protection and due process were violated by awarding judgment based upon A.R.S. § 25–214(A) in favor of the appellees. Their argument is that prior to the 1973 amendment of A.R.S. § 25–214 the husband was the single marital partner who could make contracts binding upon the community property of the husband and wife. And, that this distinction between husband and wife was based solely on sex and failed to satisfy any legitimate state objective, citing Reed v. Reed, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971).

The record discloses that the action was filed against appellants seeking relief jointly and severally and against the community. The judgment for the sum of $12,160,

plus costs, was entered against Chester R. Mead, individually. Additionally, the sum of $2,000 paid and delivered by Chester R. Mead and held by Country Escrow Service was ordered to be paid, $1,000 to the Johnoffs and $1,000 to the Naceys.

Assuming she is an aggrieved party, we find no merit in Dorothy Mead's claim that she was denied equal protection of the law by the operation of the pre-amended version of A.R.S. § 25–214(A). The facts of this case do not involve a situation wherein the wife was denied the right to bind the community by entering into a deposit receipt and sales agreement. Rather, this is simply a case wherein the community could have been held liable for the acts of the husband in pursuit of a community interest. This should not be construed as a denial of the wife's right to equal protection of the law.

■ Had the situation here been one in which the wife was denied the right to obligate the community as the husband may, we would give serious consideration to the merits of an equal protection argument. However, such is not the case.[1]

■ As to appellants' third-party claim against the Johnoffs and Van Auken for breach of contractual or fiduciary duties, we find no grounds for reversal. Appellants merely assert the same facts and arguments on appeal which were presented to the trial court. Pursuant to Rule 52(a), Rules of Civil Procedure, 16 A.R.S., where findings of fact are made by the trial court, those findings are binding unless they are clearly erroneous and due regard should be given to the opportunity of the trial court to weigh the credibility of the witnesses. Aztec Film Productions v. Tucson Gas & Electric Co., 11 Ariz.App. 241, 463 P.2d 547 (1970); Thornton v. Southwest Flour and Feed Co., 8 Ariz.App. 190, 444 P.2d 747 (1968).

■ Additionally, appellants argue that because the third-party defendants, appellees, did not submit a responsive brief but merely joined in the plaintiffs-appellees' answer, which did not address itself to the third-party claim, this court should find that there has been a confession of error. Rule 7(a)(2), Rules of the Supreme Court, 17A A.R.S., does not mandate reversal. Blech v. Blech, 6 Ariz.App. 131, 430 P.2d 710 (1967). More importantly, the mere failure to file is not sufficient but must be coupled with the presentation of debatable issues. Here, no debatable issues are raised as to the third-party claim. Facts previously alleged and argued below are merely reasserted.

Affirmed.

HOWARD, C. J., and HATHAWAY, J., concur.

---

1. Although appellants did not raise the issue regarding the possible constitutional infirmities of A.R.S. § 25–214(A) at trial, we regard the issue of sufficient general importance to justify consideration on appeal. Porter v. Eyre, 80 Ariz. 169, 294 P.2d 661 (1956).