547 P.2d 39

Helen Clarke **DONAHOE,** Allen Parkinson, John Van Nortwick and Betty W. Van Nortwick, husband and wife, Leo F. Tierney and Genevieve P. Tierney, husband and wife, Milton L. Fisher and Jean F. Fisher, husband and wife, James Watt and Marie C. Watt, husband and wife, and Nicholas P. Dallis and Sara L. Dallis, husband and wife, Appellants,

v.

George V. **MARSTON** and Audrey B. Marston, husband and wife, George C. Wallach and Judith C. Wallach, husband and wife, Duncan H. Newell, Jr. and Phyllis Newell, husband and wife, Appellees.

No. 1 CA–CIV 2809.

Court of Appeals of Arizona,
Division 1,
Department A.

March 16, 1976.

Rehearing Denied April 22, 1976.

Review Denied May 25, 1976.

Warner & Angle by Jerry L. Angle, J. Michael Donahoe, Phoenix, for appellants.

Browder & Gillenwater, P. C. by Robert W. Browder, Phoenix, for appellees Marston & Newell.

Wentworth Wallach & Lundin, P. A. by George C. Wallach, Phoenix, in pro per for appellees Wallach.

OPINION

OGG, Judge.

This appeal concerns the validity of certain deed restrictions imposed on property owned by both plaintiffs/appellants and defendants/appellees.

In 1948 the original grantor of the 80 acre parcel of land in question executed a declaration of restrictions to apply to the entire parcel with the exception of the east 165 feet of the north one-half of the property. The restrictions provided, in part:

(1) No portion of the above-described land containing less than five (5) acres in area, less portions thereof for road purposes or rights of way, shall ever be sold, conveyed or transferred, during the term of these restrictions or any extension thereof.

&ast; &ast; &ast; &ast; &ast; &ast;

(9) The foregoing restrictions shall run with the land and shall be binding on all owners of parcels until July 1, 1970, at which time such restrictions shall be automatically extended for successive periods of ten years each, unless 50% of the then owners shall agree to change the same in whole or in part. In the event of any violation or attempted violation of these restrictions, anyone owning any portion of the land described herein above may bring any appropriate action to restrain or enjoin said violation or attempted violation or to recover damages.

&ast; &ast; &ast; &ast; &ast; &ast;

(11) The owners herein agree to impose like restrictions in every contract and deed for the sale of any portion of the property hereinabove described.

In 1954 the owners of the property executed a modification of the declaration of restrictions which reduced the minimum size land parcel which could be sold, conveyed or transferred from 5 acres to 2½ acres. The modification excluded the same portion of property excepted in the original restrictions.

The plaintiffs sought by this action to obtain a judicial declaration that they were authorized to convey portions of their respective property in parcels containing not less than one acre. The defendants opposed this action and sought to maintain the current restrictions. The trial court found in favor of the defendants, thus upholding the restrictions.

On appeal, the plaintiffs present four arguments: 1) the restrictions executed by the grantor do not constitute real covenants; 2) the defendants waived or abandoned any rights they may have had to enforce the restrictions and the restrictions themselves have been abandoned; 3) the minimum size restriction was effectively modified prior to July 1, 1970; and 4) rules of appellate review dictate that the judgment of the trial court must be reversed.

In their first argument plaintiffs cite the general rule that for deed restrictions to be enforceable as real covenants they must be universal. *O'Malley v. Central Methodist Church*, 67 Ariz. 245, 194 P.2d 444 (1948). *O'Malley* held this to mean that the restrictions had to apply to all the lots of like character that were within the neighborhood scheme. In the present case the original grantor conveyed to one Haas, the predecessor in interest of two of the defendants, on the same day he executed the deed restrictions. Plaintiffs argue that since the original restrictions had not yet been recorded and the deed to Haas contained no reference to the restrictions, Haas had no notice of them and thus the Haas property was not subject to the restrictions. We do not have to deal with this argument because in 1954 Haas executed a modification of declaration of re-

strictions which contained the 2.5 acre size restriction. Haas placed this restriction on his own land and his successors are bound by it. Any notice requirement is satisfied by the execution of this modification.

Plaintiffs argue further that three of the defendants presently own less than the now required 2.5 acres per parcel within the described area of the restrictions. Consequently, plaintiffs contend that defendants are in violation of the same restrictions they seek to enforce. See *Murphey v. Gray*, 84 Ariz. 299, 327 P.2d 751 (1958). We do not find this to be the case. The 1954 modification read, in part:

> No portion of the above described land containing less than two and one-half (2½) acres in area, less portions thereof for road purposes or rights of way, shall ever be sold, conveyed or transferred, during the term of these restrictions or any extension thereof . . .

The defendants have never "sold, conveyed, or transferred" less than 2.5 acres. Further, each defendant owns at least a 2.5 acre parcel when the 165 foot exception is included and the defendants have always treated that exception as if it had in fact been subject to the restriction. We find no violation by defendants of the 2.5 acre restriction.

The plaintiffs further urge that for any subsequent grantee to enforce the restrictions unilaterally imposed by the original grantor, it must be established that the grantor had a general plan or scheme for the development of the property. The plaintiffs cite *Palermo v. Allen*, 91 Ariz. 57, 369 P.2d 906 (1962) for this proposition and contend that such plan or scheme was not present here.

■ The intent of the grantor is to be ascertained from the language of the deeds construed in connection with the circumstances existing at the time. *Palermo*, supra. The restrictions in *Palermo* were struck down because the court found that no general scheme or plan existed. The court based its finding on the facts that:

1) the deeds to the grantors' various grantees made no reference to any general plan and failed to state what property was to be bound by the restrictive covenants or for whose benefits such restrictions were imposed; 2) the grantor failed to include a clause in all the deeds to his grantees that like restrictions should be put in all deeds; 3) the grantor made no mention of who might enforce the restrictions nor a method of enforcement; and 4) the grantor made no statement that the restrictions were intended to run with the land.

■ In the present case, unlike *Palermo*, the property to be bound by the restrictive covenants is specifically stated; there is a clause in the restrictions that like restrictions be imposed in all deeds, a method of enforcement is provided within the declaration of restrictions, and it is stated several times that the restrictions are intended to run with the land. Furthermore, the 1954 modification changed only the size of the parcels that could be conveyed and kept all other restrictions intact. The language of the declaration of restriction and the modification meet the test set down by *Palermo* in establishing a general plan or scheme on the part of the original grantor.

In their second argument plaintiffs assert that the defendants have waived any rights they may have had to enforce the restrictions and the restrictions themselves have been abandoned. The plaintiffs based their assertion on the following factors: 1) all defendants own parcels of land consisting of less than 2.5 acres within the property covered by the restrictions; 2) the original grantor himself made conveyances of less than 2.5 acres; 3) the restriction prohibiting buildings occupied as temporary living quarters was violated; 4) no owners committee was ever established as mandated by the restriction; 5) the restriction prohibiting businesses from being operated on the land was violated by a former parcel owner who operated a golf supply business on his property and one of the defendants who maintains an office in his home; and 6) the restrictions limiting

the number of horses on each parcel was violated.

In *Condos v. Home Development Co.*, 77 Ariz. 129, 267 P.2d 1069 (1954), the Arizona Supreme Court held that the fact that several provisions within a restrictive covenant were violated did not prevent the owners of property described in the restrictions from enjoining violations of other provisions within the restrictive covenant.

In *Condos* the court framed the argument in that case in the following manner:

> The only question presented, as we view it, which deserves our consideration is whether the restrictions imposed upon the use of lots in this subdivision have been so thoroughly disregarded as to result in such a change in the area as to destroy the effectiveness of the restrictions, defeat the purposes for which they were imposed and consequently to amount to an abandonment thereof.

The court also quoted from *Benner v. Tacony Athletic Ass'n*, 328 Pa. 577, 196 A. 390, 393 (1938), observing:

> It is only when violations are permitted to such an extent as to indicate that the entire restrictive plan has been abandoned that objection to further violation is barred. Nor will indulgence work a waiver or estoppel against the enforcement of restrictions which are distinct and separate from those previously violated.

Following the reasoning in *Condos*, the court, in *Murphey v. Gray*, 84 Ariz. 299, 327 P.2d 751 (1958), held that a restrictive covenant would be enforced "unless the change in the surrounding area is so fundamental or radical as to defeat or frustrate the original purpose of the restrictions." *Decker v. Hendricks*, 97 Ariz. 36, 396 P.2d 609 (1964); *Carter v. Conroy*, 25 Ariz.App. 434, 544 P.2d 258 (1976) (filed January 13, 1976).

In its findings of fact and conclusions of law, the trial court stated:

8. The development, use of, and any change in the land described in the said Declaration of Restrictions and in the said Modification of Declaration of Restrictions since the date the Modification of Declaration of Restrictions was made and executed have not been such as to defeat or frustrate the original purpose of said Declaration of Restrictions or said Modification of Declaration of Restrictions, or to destroy the effectiveness of the restrictions and covenants contained and set forth in said documents, nor to amount to an abandonment of same.

9. The covenants and restrictions set forth in the aforesaid Declaration of Restrictions as amended by the aforesaid Modification of Declaration of Restrictions have not been abandoned.

10. Any violations of the aforesaid Declaration of Restrictions as amended by the aforesaid Modification of Declaration of Restrictions have not resulted in any substantial injury to the owners of the land described therein, have not resulted in or amounted to an abandonment of such covenants and restrictions and have not frustrated the original purpose of any such covenants and restrictions or destroyed their effectiveness, nor has any indulgence of any such violations amounted to laches, estoppel or a waiver of the right to enforce same.

Although the original purpose of the restrictions was never specifically enunciated, we may, looking at the declaration of restrictions and the 1954 modification, interpret the purpose. It would seem that the original grantor and the signers of the 1954 modification were attempting to establish and maintain an area of the highest residential type in which the individual parcels of land were large enough so that a limited number of homes would be built on the property.

It is well settled that where findings of fact are made by the trial court the court of appeals is bound by those findings

unless they are clearly erroneous, giving due regard to the opportunity of the trial court to view the evidence and weigh the credibility of witnesses. Rule 52(a), Arizona Rules of Civil Procedure, 16 ARS. *Aztec Film Productions v. Tucson Gas & Elec. Co.*, 11 Ariz.App. 241, 463 P.2d 547 (1969). We believe the trial court was correct in that none of the above listed violations, taken separately or as a whole, has defeated or frustrated the purpose of the original grantor. Furthermore, we concur with the trial court that the defendants, either by condoning or committing the violations cited by plaintiffs, did not waive or abandon the restrictions.

The third argument raised by plaintiffs is that the minimum size restriction of 2.5 acres per parcel was effectively modified prior to July 1, 1970.

Clause Number 9 of the declaration of restrictions states, in part:

The foregoing restrictions shall run with the land and shall be binding on all owners of said parcels until July 1, 1970, at which time such restrictions shall be automatically extended for successive periods of ten years each, unless 60% of the then owners shall agree to change the same in whole or in part.

Plaintiffs contend that 60% of the owners of property did agree to a reduction of the minimum acre requirement prior to July 1, 1970. The testimony at trial indicates that one of the plaintiffs attempted to contact the owners of the parcels of property which fell within the restrictions. He asked those contracted whether they would be in favor of signing an agreement to reduce the 2.5 acre restriction to one acre. There is some question as to how many agreed to the reduction; however, we do not have to contend with that question. In a vast majority of the cases oral agreements restricting the use of real property have been considered to be within the statute of frauds since they constitute interests in land. *Keith v. Seymour*, 335 S.W.2d 862 (Tex.Civ.App.1960); *Herring v. Volume Merchandise Inc.*, 249 N.C. 221, 106 S.E.2d 197 (1958); *Anders v. Greenlands Corp.*, 31 N.J.Super. 329, 106 A.2d 361 (1954); See Also Annot. 5 A.L.R.2d 1316. Although the present case concerns a parol modification of a restrictive covenant, both *Herring* and *Anders* dealt with that precise issue. In *Herring*, the court held that a parol release of a restrictive covenant was ineffective, such as an interest in land, thus within the statute of frauds. In *Anders* the court held that adding to existing covenants a restriction based upon alleged parol representations violates the statute of frauds.

We hold that any parol agreement that may have been made by some of the property owners in the case at bar, which attempted to modify the restrictions, were ineffective as being violative of the statute of frauds.

Plaintiffs' fourth and final argument is that a great number of the trial court's findings of fact be set aside. We reiterate; that where findings of fact are made by the trial court, the court of appeals is bound by those findings unless they are clearly erroneous, giving due regard to the opportunity of the trial court to weigh the credibility of witnesses. Rule 52(a), Arizona Rules of Civil Procedure, 16 ARS; *Mead v. Nacey*, 23 Ariz.App. 121, 531 P.2d 166 (1975). After reading the transcript we find that the trial court's findings of fact are well supported by the record and we therefore affirm its decision.

Affirmed.

FROEB, J., and DONOFRIO, P. J., concur.