573 P.2d 513

Walter J. KRAUS and Rose M. Kraus, husband and wife, Appellants,

v.

Miles SCHLAPIK and Pat Schlapik, husband and wife, Title Security Agency of Arizona, and Roy H. Long Realty Company, Inc., Appellees.

No. 2 CA–CIV 2563.

Court of Appeals of Arizona, Division 2.

Oct. 28, 1977.

Rehearing Denied Dec. 5, 1977.

Review Denied Jan. 10, 1978.

Liebsohn, Eaton, Gooding & Romley, P. C. by Joe M. Romley, Phoenix, for appellants.

S. Leonard Scheff, Tucson, for appellees Schlapik.

Lesher, Kimble & Rucker, P. C. by Robert O. Lesher and Joe G. Chaney, Tucson, for appellee Roy H. Long Realty Co., Inc.

Michael J. Monroe, Tucson, for appellee Title Security Agency of Arizona.

## OPINION

RICHMOND, Judge.

Walter J. Kraus and Rose M. Kraus, husband and wife, appeal from a judgment against them, based on a finding by the trial court that they refused without lawful cause to perform their contract for the purchase of a residence in Tucson.

As part of the contract, the Krauses were to assume a mortgage. The deposit receipt and agreement expressly provided:

"Sale shall be contingent upon the following: * * * Buyer shall have the privilege of prepayment to reduce this mortgage to $40,000.00 within 12 months of closing at the same terms with pro-rated payment reduction."

This court is bound by the trial court's findings of fact unless clearly erroneous. 16 A.R.S., Rule 52(a), Rules of Civil Procedure; *Donahoe v. Marston,* 26 Ariz.App. 187, 547 P.2d 39 (1976). The judgment is supported by the following facts, as found from the evidence by the trial court:

1. The Krauses waived the closing date of August 1, 1975.

2. By letter dated August 24, 1975, the Krauses demanded performance of the condition affording them the privilege of reducing the mortgage balance by prepayment without penalty.

3. The sellers had a reasonable time to perform the condition, or obtain its performance, after receipt of the letter demanding performance. *Miller v. Crouse,* 19 Ariz.App. 268, 506 P.2d 659 (1973).

4. The Krauses' letter dated August 25, 1975, declaring the contract rescinded was premature, and therefore ineffective, because a reasonable time had not elapsed since their demand for performance.

5. All conditions had been performed on September 4, 1975, which was within a reasonable time after the demand for performance.

■ The Krauses argue that their obligation to perform was terminated as a matter of law when they were notified by an authorized officer of the mortgagee on August 25, 1975, that the mortgagee would not agree to the unqualified privilege of reducing the mortgage balance without prepayment penalty. We are unable to agree. The mortgagee was not a party to the contract, and its officer's communication to the Krauses did not amount to an anticipatory breach depriving the seller of a reasonable time to perform. In *Doerflinger Realty*

*Company v. Maserang,* 311 S.W.2d 123 (Mo. App.1958), primarily relied on by the Krauses, it was the seller's agent who informed the purchasers that the condition could not be performed, thereby relieving the purchasers of their obligations. Here, as demonstrated by subsequent developments, the seller by whatever inducement might still have obtained the mortgagee's concurrence in order to perform the condition within the reasonable time afforded by law.

■ The Krauses also challenge the amount of damages awarded to the seller, Pat Schlapik, and the real estate broker, Roy H. Long Realty Company, Inc., as being contrary to a stipulation at pre-trial conference incorporated in the trial court's findings of fact. The pre-trial order contained a stipulation that the seller was entitled to receive, if the contract were found to be fully enforceable, "the amount of $16,000 as shown on their [sic] closing statement, . . ." The closing statement in evidence revealed that the seller would have received $17,683.44 if the transaction had closed; the trial court so found, and awarded seller that amount. We do not agree that the stipulation precluded any award in excess of $16,000, where the closing statement, to which it referred, disclosed she was entitled to the amount actually awarded. At most, the stipulation was ambiguous, and the trial court's interpretation was not unreasonable. As for the broker's commission, we are unable to find any discrepancy between the stipulated amount, seven per cent of $125,000, and the award of $8,750.

Affirmed.

HOWARD, C. J., and RICHMOND and HATHAWAY, JJ., concur.