Argued and submitted August 31, affirmed November 5, 1979

CHILDREN'S SERVICES DIVISION,
*Appellant,*
*v.*
CASH,
*Respondent.*

(No. A7809-14840, CA 12982)

602 P2d 326

James C. Rhodes, Salem, argued the cause and filed the brief for appellant. With him on the brief were James A. Redden, Attorney General, Walter L. Barrie, Solicitor General and Catherine Allan, Assistant Attorney General.

Lee M. Hess, Portland, argued the cause for respondent. With him on the brief were Spears, Lubersky, Campbell & Bledsoe, Portland, and Richard S. Borst, David B. Markowitz, Portland.

Before Buttler, Presiding Judge, and Gillette and Roberts, Judges.

GILLETTE, J.

## GILLETTE, J.

Plaintiff filed a complaint alleging that the defendant was operating a day care facility without a certificate of approval from the Children's Services Division. A previous suit the year before had established the defendant was not operating a child care facility in violation of the law. The trial court found the present suit was barred on the basis of *res judicata* and collateral estoppel. We affirm.

Plaintiff brought the former suit in September, 1977, alleging that defendant was illegally operating a day care facility. At the time, defendant was caring for from 12 to 18 children in her home on a daily basis. By the time of the hearing in November, 1977, however, the number of children in defendant's care was reduced to five. The trial court then held that the defendant was not operating a day care facility in violation of law and refused to enjoin her from providing child care services without a license. The case was affirmed by this court without opinion. *CSD v. Cash*, 35 Or App 353, 582 P2d 66 (1978).

In this second proceeding, brought after our decision in the first case, plaintiff alleged once again that the defendant "has been and is" providing child care services in violation of the law. The language of the complaint is the same as the previous one except for its operative date and for the defendant's home address where the care is provided.

At the hearing before the trial judge in this second proceeding the state did not offer any new testimony. Instead, it offered and the trial court received the record from the previous case. The thrust of the state's case was that respondent, although she had moved to a new location, continued to do what she had done before and that activity constituted the operation of a day care center. As noted, the trial court found to the contrary on both *res judicata* and collateral estoppel grounds.

[119]

*Res judicata* applies to every claim included in the pleadings and "every claim which could have been alleged under the same 'aggregate of operative facts which compose a single occasion for judicial relief.'" *Taylor v. Baker*, 279 Or 139, 144, 566 P2d 884 (1977); *See also, Dean v. Exotic Veneers, Inc.*, 271 Or 188, 194, 531 P2d 166 (1975). Collateral estoppel applies "only to material issues or determinative facts which were actually or necessarily adjudicated in the prior action." *Jones v. Flannigan*, 270 Or 121, 124, 526 P2d 543 (1974).

ORS 418.805(3) defines a day care facility as a facility that provides day care to three or more children, including family day care home or similar unit. A license or certificate of approval from CSD is needed if care is provided for six or more children. ORS 418.810(1).

With respect to collateral estoppel, the trial court's ruling was correct. It has previously been held—and and affirmed on appeal—that respondent is not operating a day care facility. The state's only evidence in this case is the precise evidence which gave rise to the prior ruling. The legal effect of that particular activity by respondent has been determined, and the state cannot relitigate it now. In view of the disposition we made of the collatoral estoppel point, we need not determine whether *res judicata* was also applicable.

The state answers this point with an ingenious argument. It says that our prior decision, although made without opinion, was nonetheless *de novo*. ORS 19.115(3). Thus, goes the argument, the circuit court's prior rulings were wiped out. *Cf. Gentry v. Pacific Livestock Co.*, 45 Or 33, 77 P 115 (1904). Since we made no separate findings of our own in the first proceeding, the state concludes that there has not been any binding ruling on the legal effect of respondent's activities.

We decline to adopt the state's argument. To do so would largely do away with the saving in time and

[120]

pages in the reports presently achieved by our practice of affirming cases —including some equity cases—without opinion. For the purposes of collateral estoppel, an affirmance without opinion by this court means that any special or necessary findings made by the trial court in the case remain in effect.

Affirmed.