660 P.2d 1249

**Dudley M. LEWIS, Plaintiff/Appellee,**

v.

**William S. JAMIESON, Director, Arizona Department of Economic Security, Defendant/Appellant.**

**No. 2 CA–CIV 4369.**

Court of Appeals of Arizona, Division 2.

Feb. 2, 1983.

Quigley & Quigley, P.C. by John M. Quigley, Tucson, for plaintiff/appellee.

Robert K. Corbin, Atty. Gen. by Thomas M. Rogers, Phoenix, for defendant/appellant.

## OPINION

HATHAWAY, Judge.

Appellee Lewis for more than 11 years had been a full-time employee with the Department of Economic Security in Tucson. On September 25, 1980, he was notified that his employment was terminated for alleged violations of specified subsections of A.R.S. § 41–770. Appellee appealed to the Arizona State Personnel Board and on May 13, 1981, the hearing officer submitted findings of fact and conclusions of law recommending appellee's reinstatement. The Arizona State Personnel Board so ordered.

Subsequently, appellee brought a special action in the Pima County Superior Court contending that DES had failed to comply with the Arizona State Personnel Board's order that he be reinstated. Shortly thereafter, he was ordered by DES to report to duty in Window Rock, Arizona. He sought and was granted a temporary restraining order and upon trial of the matter to the superior court, appellee obtained a judgment reversing the order by DES transferring him to Window Rock. The trial court found that the transfer was made in bad faith, discriminating against him and treat-

ing him with prejudice. It is from this judgment that the department appeals. We affirm.

The following five questions are presented on appeal and we will consider them seriatim:

1. Was appellee required to exhaust his administrative remedies prior to seeking judicial relief by special action.

2. Does the evidence support the trial court's conclusion that appellant acted in bad faith, thus justifying judicial intervention by special action?

3. Does the record support the trial court's finding that appellee would suffer irreparable harm, thus granting injunctive relief?

4. Did the trial court properly order that appellee be paid during the pendency of the temporary restraining order?

5. Was the award of attorney's fees to appellee proper pursuant to A.R.S. § 12–348?

I

We deem it unnecessary to address the exhaustion of administrative remedies question in view of the posture in which it is presented. Appellee's special action had been filed in the superior court to enforce the reinstatement order and the transfer followed. Appellee obtained a temporary restraining order restraining appellants from transferring appellee to Window Rock pending a hearing on the merits. The trial judge at the hearing on the temporary restraining order found that the transfer to Window Rock was not made in good faith and appellee would suffer irreparable harm if required to relocate there before being permitted to seek judicial relief. Another judge in the trial on the merits also concluded the transfer was not ordered in good faith. It is thus apparent that appellee had exhausted his administrative remedies in connection with his termination and had prevailed. The special action was brought to obtain the fruits of that victory. Whether to permit the derailing of a judicial proceeding instituted to obtain the fruits of

appellee's administrative victory must be left to the sound discretion of the trial court. We find that discretion was soundly employed.

II

Appellants contend that the superior court's review of an administrative decision is limited as to the weight given the evidence, and that the agency's decision may be set aside only when wholly unsupported by competent evidence. *City of Tucson v. Mills,* 114 Ariz. 107, 559 P.2d 663 (App.1976). It is then argued that substantial evidence in the record before the superior court supports appellants' conclusion that appellee's transfer to Window Rock was an objective and needed aspect of the food stamp program. Since there was no finding that appellants' actions were arbitrary, capricious or an abuse of discretion, they contend there was no jurisdiction under Rule 3, Arizona Rules of Special Actions, to grant relief, citing *Arizona Board of Regents v. Superior Court,* 106 Ariz. 430, 477 P.2d 520 (1970), where the superior court found that the conduct complained of was not arbitrary, capricious or an abuse of discretion. In the instant case, the trial court's finding that appellants acted in bad faith meets the standard for judicial intervention. There is no magic in waiving the arbitrary, capricious, abuse of discretion wand over the court's finding. As noted in *Fucik v. United States,* 655 F.2d 1089, 1096 (Ct.Cl.1981):

"The motive of the agency is relevant, however, in determining whether agency action is arbitrary, capricious or an abuse of discretion. Such review of agency action goes to its merits. It differs from viewing action as procedurally defective because the action was an adverse action, yet taken without adverse action procedures. Where an employee is reassigned to a position in the hope of coercing his resignation, the action is unlawful and may be set aside even though it is not an adverse action because there has been no reduction in rank or pay. That result follows because the intent of coercing resignation is an unlawful motive for

agency action, constitutes bad faith, and is an abuse of discretion."

The trial court included in its findings:

"2. The defendant violated Arizona State Personnel Board Rule R2–5–02 by impeding or interfering with the exercise by plaintiff of his right to review or appeal, by the procedure by which and the grounds upon which the defendant attempted to transfer defendant to Window Rock, Arizona.

3. The plaintiff is not entitled to employment in any particular geographical location, but is entitled that any attempted transfer by defendant be made in good faith."

The trial court concluded that the job in Window Rock, paradise to some [1] and Siberia to others, was concocted as a place of exile for appellee. In a treatise on the subject of abuse in civil service practices, *The Spoiled System* 1975, Robert Vaughn wrote in a chapter, "Exiled to Siberia" at p. 19:

"Some agencies have a Siberia—an unpleasant or professionally unproductive duty station, to which rebellious employees may be reassigned. Faced with Siberia, an employee may, of course, resign, but even if he accepts exile, he is effectively removed from the position in which he caused difficulty."

Significant to the trial court's finding of bad faith in appellants' dealing with appellee is the unsuccessful attempt to fire him, the vacated position remained unfilled for a year and a half, and was filled with a probationary employee after the hearing officers' recommendation that appellee be reinstated; appellee was ordered to Window Rock after filing the special action to enforce the reinstatement order; the "position" in Window Rock materialized after appellee's reinstatement order and the court could well have concluded it was a sham. The trial court's finding must be accepted, unless clearly erroneous. *Donahoe v. Marston,* 26 Ariz.App. 187, 547 P.2d 39 (1976). We find that it is supported in the evidence.

### III

The arguments raised in this third segment of appellants' brief are largely merged in the points we have already considered and appear to beg the question resolved against them, i.e., that the transfer was not made in good faith. Truly, a state agency retains the right to transfer and assign tasks to its employees, so long as done in good faith. The record discloses that the bad faith transfer imposed no light burden upon appellee and his family. Although appellee achieved no special status because of having exercised his appeal rights in connection with his discharge, that event, however, needn't be eradicated from consideration in connection with possible motivations for subsequent events, such as a transfer.

### IV

In resolution of appellee's appeal from his attempted termination by appellants, the personnel board ordered that he be "reinstated with full back pay and benefits from the date of his termination." The trial court found that the attempted transfer was not in compliance with the reinstatement order and therefore temporarily restrained the effort, finding it to be in bad faith. Appellants took it upon themselves to place appellee in a non-pay status in the interim, in violation of the personnel board's reinstatement order. Such maneuvers cannot be permitted to circumvent the lawful reinstatement order with full back pay and benefits. Appellee was not on leave and appellants cannot penalize and frustrate the personnel board's order by somehow absorbing him into leave status in violation of the reinstatement order. Appellee is entitled to no preferential treatment, neither may he be penalized through retaliatory discrimination.

### V

Appellants contend that the superior court's award to appellee of his attorney's fees pursuant to A.R.S. §§ 12–348(A)(5)

---

1. Judge Richmond, formerly of this court, loves it there and lives there voluntarily.

and 12–348(G)(3), was improper because appellee went directly to the superior court, not exhausting his administrative remedies. For the reasons we have previously discussed, the procedure followed was proper. The record discloses that appellee successfully appealed from his termination and that the administrative proceedings extended over a period of some 10 months and involved hearings and the defense of other special actions filed by DES in the superior court. Ultimately, he was victorious, but that victory was frustrated through the attempted transfer dealt with in this appeal. An overview of the case discloses that appellee did not bypass remedies available to him to the Arizona State Personnel Board, but, rather, proceeded through special action to retain the fruits awarded him by the personnel board order. Thus, we find that he was properly awarded attorney's fees pursuant to the authority of A.R.S. § 12–348(A)(5), and that the exemption section of A.R.S. § 12–348(F)(6) does not apply.

The judgment is affirmed.

HOWARD, C.J., and BIRDSALL, J., concur.