704 P.2d 822

Max MILBERGER and Bessie Milberger, husband and wife, dba Allwood Electric Company, Plaintiffs/Appellees,

v.

CHANEY BUILDING COMPANY, INC., and United Pacific Insurance Co., Defendants/Appellants.

No. 2 CA–CIV 5267.

Court of Appeals of Arizona, Division 2, Department B.

April 25, 1985.

Review Denied July 2, 1985.

Johnson, Dowdall & Price by Richard J. Dowdall, Tucson, for plaintiffs/appellees.

Norris L. Ganson, Tucson, for defendants/appellants.

## OPINION

LACAGNINA, Judge.

This is an action to recover the balance due Allwood Electric Company owned by Max and Bessie Milberger (AEC) by Chaney Building Company, Inc. (CBC) under a construction contract. The trial court found the existence of a contract and entered judgment in favor of AEC for the balance due plus costs and attorney's fees.

CBC alleges three errors by the trial court:

1. Finding as a fact that there existed a contract with enforceable modifications;

2. Failing to find as a fact that tender by CBC of checks in a lesser amount than claimed by AEC discharged the debt even though the checks were not cashed; and

3. Permitting the admission of evidence of the balance due although AEC failed to comply with Rule 12(f), Rules of Civil Procedure, 16 A.R.S., by not filing and serving a copy of the account within 10 days after demand.

## I. THE TRIAL COURT FINDING OF AN ENFORCEABLE CONTRACT BASED ON CONFLICTING EVIDENCE AND NOT CLEARLY ERRONEOUS IS AFFIRMED.

■ The law is well settled that we are bound by the trial court's findings unless clearly erroneous, giving due regard to the opportunity of the trial court to view the evidence and weigh the credibility of witnesses. *Donahoe v. Marston*, 26 Ariz.App. 187, 547 P.2d 39 (1976); *Aztec Film Productions v. Tucson Gas & Electric Co.*, 11 Ariz.App. 241, 463 P.2d 547 (1970); Rule 52(a), Rules of Civil Procedure, 16 A.R.S.

The trial court's finding of a contract with enforceable terms was necessary and based upon a conflict in the evidence; therefore, we will not disturb that finding since it is supported by reasonable evidence in the record. *O'Hern v. Bowling*, 109 Ariz. 90, 505 P.2d 550 (1973); *Universal Investment Company v. Sahara Motor Inn, Inc.*, 127 Ariz. 213, 619 P.2d 485 (App. 1980).

## II. A CONDITIONAL TENDER IS NOT VALID AND A VALID ACCORD AND SATISFACTION MUST INCLUDE A MEETING OF THE MINDS BY THE PARTIES.

■ CBC tendered two checks at different times to AEC in amounts less than that claimed due by AEC. Each check was void on its face after 60 days, and each was accompanied by a lien release. The checks were neither cashed nor returned.

A tender to be valid must be unconditional. Here there was a dispute as to the

amount due under the building contract. The rule in Arizona is clearly stated in the case of *Pleasant v. Arizona Storage and Distributing Co.*, 34 Ariz. 68, 267 P. 794 (1928):

> "The general rule of law, of course, is that a tender, in order to be valid, must be unconditional. 38 Cyc. 152. Is there any test we can use to determine whether a tender is conditional or not? When there is a *bona fide* dispute between a debtor and a creditor as to the amount due, we think the true rule is well and succinctly stated in the case of *Moore v. Norman*, 52 Minn. 83, 53 N.W. 809, in which the court says:
>
> > 'The debtor has no right to the benefit of a tender, as having the effect of a payment, when it is burdened with such a condition *that the creditor cannot accept the money without compromising his legal right to recover the further sum which he claims to be due.*' (Italics ours.)
>
> The legal effect of a valid tender is to take the place of the necessity of proving payment of the sum tendered when such payment is a proper or necessary defense in an action. It cannot be used for any other purpose, and, if the tender is so made that its acceptance would be evidence, not only that such sum was paid, but that it was admitted to be the amount which should be paid to settle the controversy, the tender is not valid. This is but justice and common sense. It is not fair to say to the creditor: 'By accepting what is admittedly your right, you may waive a further sum justly due you.'" (Emphasis in opinion). 34 Ariz. at 78, 267 P. at 798.

■ The evidence before the trial court supports its refusal to find a valid tender and the necessary acceptance to create an accord and satisfaction by AEC to discharge the debt of CBC. The elements of accord and satisfaction are clearly stated in the case of *Frank Culver Electric, Inc. v. Jorgenson*, 136 Ariz. 76, 664 P.2d 226 (App.1983), where the court found that an essential element of accord and satisfaction was an assent or meeting of the minds of the parties and concluded that in that case a party's assent could be inferred from its acceptance and cashing of a check.

## III. THE PURPOSE OF RULE 12(f) IS TO PROVIDE INFORMATION TO AN ADVERSE PARTY.

■ We can answer the claim of error (No. 3 above) without deciding the quarrel between the parties over whether this is or is not an account contemplated by Rule 12(f), Rules of Civil Procedure, 16 A.R.S.

The rule is not designed to be oppressive or unrealistic when applied nor is there public policy forbidding its nonapplication in any given situation. It is sufficient to state that the purpose of Rule 12(f) is to inform an adverse party of what he owes and why, so that he can prepare his defense. *Holmes v. Graves*, 83 Ariz. 174, 318 P.2d 354 (1957).

■ There is sufficient evidence in the record to show that CBC knew all the particulars, and compliance with Rule 12(f), after a 37-day delay but approximately one year before trial, did not prejudice CBC, and therefore did not prevent the court from receiving evidence supporting the claim.

AEC is awarded attorney's fees and costs on appeal.

AFFIRMED.

HATHAWAY, P.J., and LIVERMORE, J., concur.