850 P.2d 688

**STATE of Arizona, ex rel. Roderick G. McDOUGALL, Phoenix City Attorney, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, the Honorable Gary E. Donahoe, a commissioner thereof, Respondent Judge,**

**Anaroberta C. BLENDU, Real Party in Interest.**

**No. 1 CA–SA 92–0261.**

Court of Appeals of Arizona, Division 1, Department B.

April 13, 1993.

Roderick G. McDougall, Phoenix City Atty. by Norman R. Lemons, Asst. City Prosecutor, Phoenix, for petitioner.

Rake Downey McGovern Shorall & Cohen, P.C. by Thomas J. Shorall, Jr. and Larry J. Cohen, Phoenix, for respondent Maricopa County Superior Court.

Anaroberta C. Blendu, Phoenix, real party in interest.

## OPINION

GARBARINO, Judge.

This case arises from a superior court order vacating a Phoenix city court's judgment against Anaroberta C. Blendu (defendant) in a civil traffic case. In vacating the judgment, the superior court found that the city's failure to file a responsive memorandum constituted a confession of error. The city brought this special action, seeking this court's ruling that it did not confess error by failing to file an appellate memorandum. In the exercise of our discretion, we accepted special action jurisdiction because the city lacks an adequate remedy by appeal. Ariz.R.P.Spec.Actions 1(a); Ariz. Rev.Stat.Ann. § 12–120.21(A)(4) (1992). After accepting jurisdiction, we granted relief and indicated that this opinion would follow. For the reasons discussed below, we find that the city did not confess error by failing to file a responsive memorandum.

The facts and procedural history in this case are straightforward. The defendant received a civil traffic ticket for driving at a "speed not reasonable and prudent." The defendant denied guilt and proceeded to a civil hearing in a Phoenix city court at which she and the arresting officer testified. The officer testified that the defendant was driving at a speed in excess of 55 miles per hour (mph), that the posted speed limit in the area was 40 mph, that the roads were wet because it had been raining, and that, in his opinion, the defendant's speed was unreasonable. The defendant testified that she had looked at her speedometer and that she had been driving at a speed between 40 and 45 mph. The hearing officer found the defendant responsible for the traffic violation and imposed an $85 civil sanction.

The defendant appealed, submitting an appellate memorandum to superior court in which she recited the facts and asked the court to reverse judgment against her because she had not been driving at an excessive speed. The city did not file a responsive memorandum. The superior court commissioner presiding over the case set a filing date by which the city was to file a responsive memorandum and advised the city that failure to file a memorandum by the due date would be treated as a confession of error. After the city failed to file a responsive memorandum, the commissioner found that the city had confessed error because the defendant had raised a debatable issue regarding the speed at which she had been driving. The commissioner then vacated the city court's judgment and sanc-

tion and remanded the case for reversal. The city timely filed this special action.

The respondent in this action, the Maricopa County Superior Court, argues that Rule 38, Arizona Rules of Procedure for Civil Traffic Violation Cases, mandates that the city file an appellate memorandum. Rule 38 states, in pertinent part, "The appellee's memorandum shall be filed within twenty days after service of appellant's memorandum." Certainly, if the city files an answering memorandum, it must do so within the stated time frame. However, the rule does not mandate that the city file an answering brief. Rather, as in other appeals, an appellee's failure to respond subjects the appellee to a confession of error analysis.

We agree with the superior court's general proposition of the law that when an appellant raises a debatable issue, the court, in its discretion, may find that an appellee's failure to file an answering brief constitutes a confession of error. *See State v. Greenlee County Justice Court,* 157 Ariz. 270, 271, 756 P.2d 939, 940 (App. 1988). However, we disagree with the superior court's level of review in this case. Based on the evidence, the hearing officer found that the defendant was responsible for the violation. The hearing officer accepted as credible the police officer's testimony regarding the posted speed limit and found the officer's testimony as to the speed the defendant was driving more persuasive than the defendant's testimony. The commissioner was to review the appeal on the record unless he found the record insufficient, in which case he was to grant a trial de novo. *See* Ariz.R.Proc.Civ.Traffic Viol.Cases Rule 32. There is nothing in the record to suggest that the commissioner deemed the record insufficient. The commissioner's function was that of an appellate reviewer of the facts. As such, he should have given deference to the hearing officer's factual determinations unless he found them clearly erroneous, *see Pugh v. Cook,* 153 Ariz. 246, 247, 735 P.2d 856, 857 (App.1987), particularly since, on appeal, the defendant merely reasserted the same facts and arguments she had presented to the hearing officer. *See Mead v. Nacey,* 23 Ariz.App. 121, 123, 531 P.2d 166, 168 (1975).

The city runs the risk of confessing error by failing to file answering briefs. However, in this case, the city court's factual determinations are supported by a complete record. Appellant does not prevail by merely reasserting the same argument based on the same facts presented to the lower court. If the city is satisfied with the record on appeal, it should be permitted to forego submitting an answering brief, knowing that the superior court will review the record giving deference to the factual findings it supports. However, in the alternative, by failing to file an answering brief, the city risks confession of error should the appellant raise a debatable issue which is also supported by the record.

Accordingly, we vacate the ruling of the superior court and remand to the superior court for further proceedings consistent with this opinion.

EHRLICH, P.J., and JACOBSON, J., concur.