**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LONDEN LAND COMPANY, LLC, an Arizona limited liability corporation,<br><br>    Plaintiff - Appellant,<br><br>  v.<br><br>TITLE RESOURCES GUARANTY COMPANY, a Texas corporation and DOES 1-10, INCLUSIVE,<br><br>    Defendants - Appellees. | No. 10-16917<br><br>D.C. No. 2:09-cv-00980-MHB<br><br><br>MEMORANDUM[*] |
| LONDEN LAND COMPANY, LLC, an Arizona limited liability corporation,<br><br>    Plaintiff - Appellant,<br><br>  v.<br><br>TITLE RESOURCES GUARANTY COMPANY, a Texas corporation and DOES 1-10, INCLUSIVE,<br><br>    Defendants - Appellees. | No. 11-15391<br><br>D.C. No. 2:09-cv-00980-MHB |

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the District of Arizona
Michelle H. Burns, Magistrate Judge, Presiding

Argued and Submitted January 12, 2012
San Francisco, California

Before: WALLACE and M. SMITH, Circuit Judges, and RAKOFF, Senior District Judge.[**]

Londen Land Company, LLC (Londen) appeals from the district court's summary judgment in favor of Title Resources Guarantee Company (TRGC) and denial of Londen's motion for relief from judgment. We review the summary judgment de novo, *Sicor Ltd. v. Cetus Corp.*, 51 F.3d 848, 853 (9th Cir. 1995), and the denial of the motion for relief from judgment for an abuse of discretion, *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 211 (9th Cir. 1987). We affirm.

The district court correctly held that Londen's title insurance terminated because Londen did not retain "an estate or interest in the land," as the term is used in Londen's policy. *See Employers Mut. Cas. Co. v. DGG & CAR, Inc.*, 183 P.3d 513, 515 (Ariz. 2008) (interpretation of an insurance contract is a question of law). Schedule A of the policy provides that "[t]he estate or interest in the land described

---

[**] The Honorable Jed S. Rakoff, Senior District Judge for the Southern District of New York, sitting by designation.

2

or referred to in this Schedule covered by this Policy is: FEE SIMPLE." When Londen conveyed the land to its wholly owned limited liability company, Florence Ventures, LLC (Florence), in fee simple, Londen's policy terminated because Londen conveyed the entirety of its estate or interest. *See In re Forsstrom*, 38 P.2d 878, 888 (Ariz. 1934) (fee simple is the largest estate in land possible), *overruled in part on other grounds by State ex rel. Morrison v. Thelberg*, 350 P.2d 988 (Ariz. 1960), *and Mohave County v. Chamberlin*, 281 P.2d 128 (Ariz. 1955); Ariz. Rev. Stat. § 29-732A ("An interest in a limited liability company is personal property . . . " ); *Turner v. City of Flagstaff*, 247 P.3d 1011, 1014 (Ariz. Ct. App. 2011) (sole shareholder of a limited liability company does not own land that is owned by the company). Londen did not raise a genuine issue of fact under the "reasonable expectations" doctrine because the evidence submitted does not show that TRGC had reason to believe that Londen would not have assented to the policy if Londen had known of the continuation of coverage provision. *See Darner Motor Sales, Inc. v. Universal Underwriters Ins. Co.*, 682 P.2d 388, 396 (Ariz. 1984).

Londen also failed to raise a genuine issue of fact as to whether there was a non-written agreement between Londen and Florence that amounted to a general warranty deed, which would have allowed coverage to continue under the policy.

3

Londen's supporting declaration is conclusory, and the clear language of the Special Warranty Deed does not support a conclusion that there was an agreement that the property was actually conveyed with a general warranty. *See Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993) (conclusory allegations unsupported by factual data are not sufficient to avoid summary judgment); *Donahoe v. Marston*, 547 P.2d 39, 41 (Ariz. Ct. App. 1976) ("The intent of the grantor is to be ascertained from the language of the deed[] construed in connection with the circumstances existing at the time").

Londen's argument that the district court erred by not ordering Florence to be substituted as the real party in interest lacks merit. The requirements of Federal Rule of Civil Procedure 17(a)(3) were never triggered because the district court entered summary judgment on the merits.

The district court did not abuse its discretion in denying Londen relief from judgment under Federal Rule of Civil Procedure 60(b)(2). There is no evidence that Paul McNutt, Jr., formed an opinion regarding interpretation of the policy at any time before summary judgment was entered, and the earlier production of his statements would not likely have changed the disposition of the motion for summary judgment. *See Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990) (relief under Rule 60(b)(2) requires that "the evidence (1) existed at the time

of the trial, (2) could not have been discovered through due diligence, and (3) was of such magnitude that production of it earlier would have been likely to change the disposition of the case") (internal quotation marks omitted).

TRGC shall file an amended notice of removal with the district court that corrects the defects in its jurisdictional allegations no later than 14 days from the date of the mandate. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 828 (9th Cir. 2002) ("Under 28 U.S.C § 1653, we have the authority to grant leave to amend a complaint in order to cure defective allegations of jurisdiction").

**AFFIRMED**