NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

MORTON ROBERT BERGER, *Petitioner*.

No. 1 CA-CR 16-0298 PRPC
FILED 7-20-2017

Petition for Review from the Superior Court in Maricopa County
No. CR 2002-013657
The Honorable Rosa Mroz, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Morton Robert Berger, Florence
*Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Margaret H. Downie delivered the decision of the Court, in which Judge Kenton D. Jones and Judge Donn Kessler[1] joined.

---

**D O W N I E**, Judge:

¶1        Morton Robert Berger petitions for review of the superior court's dismissal of his petition for post-conviction relief. For the following reasons, we grant review but deny relief.

¶2        A jury found Berger guilty of 20 counts of sexual exploitation of a minor (under 15 years of age). The superior court imposed consecutive mitigated prison terms of ten years for each count. On direct appeal, this Court affirmed Berger's convictions and sentences. *State v. Berger*, 209 Ariz. 386 (App. 2004), opinion vacated in part, and otherwise affirmed by *State v. Berger*, 212 Ariz. 473 (2006). On direct appeal, Berger did not challenge the factual basis for his convictions, instead contesting the length of his sentence. Indeed, this Court noted that Berger did not "protest the State's contention that, when discovered, he possessed thousands of images of child pornography." 209 Ariz. at 393, ¶ 25. And the supreme court observed that "the images involved some fifteen different child victims." *Id*. at 479, ¶ 26.

¶3        In 2007, Berger filed a notice and petition for post-conviction relief, again challenging the length of his sentence and requesting an evidentiary hearing. After briefing, the superior court dismissed that petition, and this Court denied relief.

¶4        Berger filed two petitions in 2015 challenging the factual and legal bases for his convictions and asserting an actual innocence claim. Berger contended the State failed to establish the identities of "actual minor" victims depicted in the images he possessed, thus failing to prove an essential element necessary for conviction under Arizona Revised

---

[1]        The Honorable Donn Kessler, Retired Judge of the Arizona Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

Statutes ("A.R.S.") section 13-3553(A)(2). Treating Berger's filings as one petition, the superior court entered an order of dismissal, stating, in pertinent part:

> The evidence provided by the defendant fails to meet the standard that must be met for the defendant to obtain post-conviction relief pursuant to Rule 32.1(h). The defendant must prove by clear and convincing evidence that, based on the facts presented, a reasonable fact finder could not find the defendant guilty of the underlying offense beyond a reasonable doubt. Here, one transcript Defendant supplies contains a doctor's testimony that the images possessed by Defendant showed actual children. . . . The defendant has thus failed to meet his burden for Rule 32.1(h) relief.

> The defendant's claim is more appropriately analyzed pursuant to Arizona Rule [of] Criminal Procedure 32.1(a), in that the evidence is insufficient to support a conviction. Defendant cannot raise such claims in an untimely or successive Rule 32 proceeding because the notice may only raise claims pursuant to Rule 32.1(d), (e), (f), (g), or (h). . . . In addition, the claim the defendant has raised concerning the sufficiency of the evidence was required to be raised on appeal and is therefore barred.

**¶5** We agree with the superior court.[2] Trial courts may summarily dismiss a Rule 32 proceeding based on preclusion. Ariz. R. Crim. P. 32.2(a), 32.6(c). A claim is precluded when it "has been waived at trial, on appeal, or in any previous collateral proceeding." Ariz. R. Crim. P. 32.2(a)(3). Any claim that could have been (or was) raised in an earlier Rule 32 proceeding is precluded. Ariz. R. Crim. P. 32.2(a); *see also State v. Bennett*, 213 Ariz. 562, 566, ¶ 14 (2006). To sustain his successive notice, Berger was required to include in the notice "meritorious reasons . . . substantiating the

---

[2] We reject Berger's contention he is entitled to relief because the State did not timely respond to his filings. The authorities Berger cites do not require the court to treat the failure to respond as a confession of error and grant relief. *State ex rel. McDougall v. Superior Court*, 174 Ariz. 450, 452 (App. 1993), holds that treating a failure to respond as a confession of error is discretionary and is inappropriate if the record contains sufficient information. The record here contains sufficient information.

claim and indicating why the claim was not stated in the previous petition or in a timely manner." Ariz. R. Crim. P. 32.2(b).

¶6        Defense counsel raised the arguments Berger currently asserts in the superior court. Counsel filed motions challenging the constitutionality of the statute and argued Berger was not subject to A.R.S. § 13-604.01 because he did not commit an offense against a specific child. At trial, the court modified its jury instructions to require proof that each image was of a minor who was an "actual person." Two witnesses testified that the images depicted "real people" or "actual children." The State's expert opined that the videos and images appeared to be of real persons. Berger's attorney argued to the jury that the State had not proven the victims were actual minors, but jurors obviously disagreed. Berger did not re-urge these claims on appeal or in a timely petition for post-conviction relief. And he cites no relevant authority for his assertion that the State was required to prove the actual identity of the victims. Neither applicable statutes nor case law imposes such a requirement.

## CONCLUSION

¶7        For the foregoing reasons, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA